CONES *v.* WILSON and Another.

May Term,
1860.

CONES
v.
WILSON:

14  465
146  596

By the R. S. of 1852, the personal property of a tax-payer is the primary fund out of which all taxes assessed against him upon poll, personal, and real estate, are to be collected, so long as it may be found within the county.

By the same statute, the aggregate amount of these taxes is a lien upon all the real estate of the tax-payer within the county; and no part of such real estate is discharged from the lien till the entire amount of the tax is paid; though the application of a part payment to a particular portion of such real estate, will relieve such portion from liability to sale until the remainder is exhausted. And this lien attaches on the first of *January*, annually.

An execution is a lien upon the defendant's property, as against all persons, from its delivery to the officer; yet the officer holding it should call upon the defendant for payment before he makes a levy; and a county treasurer must do so, as to taxes, before he levies upon or seizes the property by virtue of the duplicate.

The assignment of property to trustees for the payment of debts, is not such a transfer as will divest the lien of the state for taxes.

*Quære,* whether a lien for taxes holds personal property under any and all circumstances.

APPEAL from the *Decatur* Court of Common Pleas.

PERKINS, J.—*James Goodnow*, on the first day of *January*, 1858, was a resident of *Decatur* county, *Indiana*, and the owner of real estate to the value of 10,000 dollars, and of personal of the value of 2,000 dollars. On the aggregate amount of this property, there was assessed, for the year above named, a tax of 90 dollars.

On the 19th day of *November*, 1858, *Goodnow* assigned all of said property to *Forsyth* and *Wilson*, in trust for the payment of specified debts.

On the 15th day of *January*, 1859, *Goodnow* removed from *Decatur* county. Prior to *May*, 1859, all of said real estate had been conveyed to purchasers. In that month, the treasurer of *Decatur* county seized, for the payment of said tax against *Goodnow*, one hundred cords of wood, a part of the property of said *Goodnow* assigned to said trustees as aforesaid, and which had not been removed from off the premises on which it was when the assignment was made; and the question is, was that wood liable to the seizure?

*Tuesday,*
*June 12.*

The personal property of a tax-payer is the primary fund out of which all the taxes assessed against him upon poll, personal, and real estate, are to be collected, so long as it may be found within the county. 1 R. S. p. 130, §§ 96, 101.

The aggregate amount of these taxes is a lien upon all the real estate of the tax-payer within the county, and no part of such real estate is discharged from the lien till the entire amount of tax is paid; though the application of a part payment to a particular piece or portion of such real estate, will relieve such piece or portion from liability to sale till the remaining portions are exhausted by sale. 1 R. S. p. 132, §§ 111, 112, 114.

The lien upon the real estate attaches on the first of *January*, annually. *Id.*, § 112 (1).

Section 113, on the same page of the volume cited, reads as follows:

" All the property, both real and personal, situate in any county, shall be liable to the payment of all taxes, penalties, interest, and costs charged to the owner thereof, in such county; and no partial payment of any such taxes, penalties, interest, or costs, shall discharge or release any part or portion of such property, until the whole be paid; which lien shall in no wise be affected or destroyed by any sale or transfer of any such personal property."

This section plainly implies a lien upon personal property for all taxes; but it does not fix the time when it shall commence. As between the state and the owner at the time of assessment, it undoubtedly commences as soon as the duplicate is issued to the treasurer. See 1 R. S. pp. 129, 131.

An execution is a lien upon the defendant's property, as against all persons, from its delivery to the officer. 2 R. S. p. 131. Yet the officer holding it, should first call upon the defendant for payment before he levies upon property. Perk. Pr., p. 380.

The treasurer must do so, as to taxes, before he levies or seizes property by virtue of the duplicate. 1 R. S. pp. 129, 130.

And we do not think the mere assignment of property to trustees for the payment of debts constitutes such a transfer of it as will divest the lien of the state upon the property against the tax-payer, however it might be in case of a transfer to an absolute purchaser, in good faith, for a valuable consideration.

Again, it does not appear that the possession of the wood seized in this case, had ever been delivered to the assignees, nor that the deed of assignment had been recorded.

We leave the general question as to the lien of taxes upon personal property under any and all circumstances, undecided.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Gavin* and *O. B. Hord*, for the appellant.

*B. W. Wilson*, for the appellees.

(1) See Blackw. on Tax Titles, 646, and note; *Doe* v. *Deavers*, 8 Geo. R. 479.