## BODERTHA *v.* SPENCER ET AL.

TAX.—*Lien of.*—Where land was sold and conveyed on the 30th day of December, 1867, and a mortgage was taken to secure the purchase-money, and the mortgage was foreclosed, and the property was sold by the sheriff to the mortgagee, June 6th, 1870, and a deed was made June 6th, 1871, the land not having been redeemed;

*Held,* that the land was liable for the personal taxes assessed against the mortgagor, he being insolvent, during all the time he was in possession of the land as owner.

APPEAL from the Miami Circuit Court.

OSBORN, J.—The appellant filed her complaint, for the purpose of enjoining the defendants from selling or subjecting certain real estate, described in the complaint, to sale for certain taxes, and to remove a cloud upon her title. There was a demurrer filed to the complaint, on the ground that it did not contain facts sufficient to constitute a cause of action, which was sustained. Exceptions were duly taken, and final judgment was rendered against the appellant upon the demurrer. The ruling of the court in sustaining the demurrer is assigned for error.

The facts stated in the complaint are as follows: On the 30th day of December, 1867, the appellant was the owner of the real estate described in the complaint, being part of a lot in Peru, Miami county, and on that day she sold and conveyed it to one Bradley by deed of conveyance. Bradley paid no part of the purchase-money, but to secure it, executed his promissory note and a mortgage upon the property sold. The mortgage was duly recorded in the mortgage records of that county. On the 13th day of April, 1870, a judgment of foreclosure was rendered in one of the courts of Miami county in favor of the appellant and against Bradley, for an amount stated in the complaint. It is not stated in what court the judgment was rendered. The allegation is, "in the Miami Court;" nor is it stated that the decree of foreclosure was rendered upon the mortgage executed by Bradley to the appellant. Very likely the apparent omissions were mistakes of the clerk in copying.

On the 6th of June, 1870, the sheriff of Miami county sold "said premises" to the appellant, by virtue of an order of sale, theretofore issued to him on the judgment of foreclosure. On the 6th day of June, 1871, the premises, not having been redeemed, were by the sheriff conveyed by deed to the appellant, which has been duly recorded. For the year 1869, there was placed on the tax duplicate for Miami county against Bradley his personal taxes, amounting to forty dollars and eighty-five cents, and for the year 1870, his personal taxes, amounting to three dollars and fifty-three cents, which, with the interest and penalty accrued, amounts to sixty dollars; no part of it is the tax assessed on the land, but it is all for the personal tax of Bradley; the appellant has paid all taxes assessed on the lands; the lands have been advertised for sale for "said delinquent taxes of said Bradley, but were not sold;" Fulwiler, the auditor of the county, is about adding said sums on the tax duplicate against said lot, and will do so unless restrained, and Spencer, the treasurer, will again offer the lot for sale for said personal taxes of Bradley. It is also alleged that such apparent

lien is a cloud upon her title; that Bradley is insolvent, etc.; and she asks for an injunction and the removal of the cloud, etc.

By the conveyance to Bradley, the appellant divested herself of her title to the lot, and Bradley became the owner of it. The mortgage executed by Bradley did not operate as a conveyance to her. She held it only by way of and as a security. She was not even entitled to possession under it. 2 G. & H. 355. Bradley, being the owner of the lot, was liable for taxes upon it, and it was properly taxed as his, and so placed upon the duplicate. His personal property was subject to seizure for such taxes.

The statute on the subject is as follows:

"Sec. 10. Every person of full age and sound mind, not a married woman, shall list the real and personal property, subject to taxation, of which he is the owner, situate or being in the county in which he resides." 1 G. & H. 70.

"Sec. 19. In case of mortgaged real estate, the mortgagor shall, for the purposes of taxation, be deemed the owner until the mortgagee shall have taken possession of the mortgaged premises, after which the mortgagee shall be deemed the owner." 1 G. & H. 72.

"Sec. 112. The lien of the State for all taxes for state, county, school, road, or township purposes, shall attach on all real estate on the first day of January, annually; and such lien shall be perpetual for all taxes due from the owner thereof, which have heretofore accrued, or shall hereafter accrue, with the interest and penalties in each case, until payment; which lien shall in no wise be affected or destroyed by any sale or transfer of any such real estate." 1 G. & H. 99.

"Sec. 113. All the property, both real and personal, situate in any county, shall be liable to the payment of all taxes, penalties, interest, and costs charged to the owner thereof, in such county, and no partial payment of any such taxes, penalties, interest, or costs shall discharge or release any part

or portion of such property, until the whole be paid; which lien shall in no wise be affected or destroyed by any sale or transfer of any such personal property." 1 G. & H. 100.

"Sec. 145. On the day mentioned in the notices, the county treasurer shall commence the sale of such lands, and shall continue the same from day to day, until so much of each parcel assessed, or belonging to each person assessed, shall be sold as will pay the taxes, interest, and charges thereon, or chargeable to such person in said county." 1 G. & H. 105.

Bradley was entitled to the possession of the lot, and in the absence of an averment to the contrary, the presumption is that he was in possession, and it was properly taxed to him. The personal taxes assessed and charged to him accrued during the time that he was the owner of the lot, and under the sections above quoted, became a lien upon it, and for the collection and payment of which it became and was liable to be sold. The statute is too plain on the subject to require comment. See *Cones* v. *Wilson*, 14 Ind. 465.

The judgment is affirmed, with costs.

*H. I. Shirk* and *J. Mitchell*, for appellant.

*N. O. Ross* and *R. P. Effinger*, for appellees.