## ISAACS *v.* DECKER, AUDITOR, ET AL.

TAX.—*Lien of Poll and Personal.*—Real estate is liable for the poll tax and tax on personal property assessed against the owner thereof, although his title be extinguished afterward by the foreclosure of a mortgage thereon of older date than his purchase.

APPEAL from the Vanderburg Common Pleas.

WORDEN, J.—Complaint by the appellant against the appellees. Demurrer to the complaint sustained, exception, and final judgment for the defendants. We take the following statement of the appellant's case from his brief in the cause:

"Appellant brought this action, alleging that Albert C. Isaacs, being the owner of lot No. 6, in block No. 27, in the eastern enlargement of the city of Evansville, on the 19th

of April, 1866, with his wife, made and executed a mortgage on said lot to the State of Indiana, to secure the payment of a note dated 19th of April, 1866, and due 19th of April, 1871, for two hundred and thirty dollars of the funds belonging to town 6 south, and said mortgage was duly admitted to record in the proper office on the 16th of May, 1866.

"On the 9th of May, 1866, said Isaacs and wife made and executed another mortgage on said lot to J. M. Geupel to secure the payment of two notes executed by said Isaacs to Geupel for three hundred and seventy-five dollars each, dated April 1st, 1866; one of them due in two, and the other three years from date; and on the 16th day of May, 1866, said mortgage was duly admitted to record in the proper office.

"On the 8th day of October, 1866, by deed of that date, said Isaacs and wife sold and conveyed said lot No. 6 to John H. Scott, for and in consideration of the sum of one thousand nine hundred and eighty dollars, subject to said two mortgages, and the said John H. Scott, by the terms and stipulations of said deed to him, agreed to pay said mortgages to the State and Geupel, as part of the purchase-money recited above, and said deed was duly acknowledged and admitted to record in the proper office, October 18th, 1866.

"On the 24th of May, 1867, the said John H. Scott and wife mortgaged said lot to John Healy, to secure the payment of a note executed by Scott to Healy for the sum of five hundred dollars, dated May 24th, 1867, due one year after date, with interest from date, and on the 25th of May, 1867, said mortgage was duly admitted to record in the proper office.

"On the —— day of ——, 1871, said J. M. Geupel filed suit against said Isaacs and wife, Scott and wife, and John Healy to foreclose the mortgage to him, to which Healy filed his answer and cross complaint, setting up the mortgage from Scott and wife to him, and asked for a foreclosure.

of the same; and on the 4th of May, 1871, a judgment was rendered by the court foreclosing said mortgage and for a sale of a sufficiency of said lot No. 6 to satisfy and pay, first the claim of Geupel, then amounting to nine hundred and ninety-eight dollars and eighty-four cents, and nine dollars costs; and, second, the claim of John Healy, then amounting to six hundred and eighty dollars and seventy-seven cents; and in pursuance of said judgment said lot was sold by the sheriff under order of sale issued on said judgment; the sale was made on 3d day of June, 1871, and said Albert C. Isaacs became the purchaser of said lot at said sale at the sum of nine hundred dollars; said lot is not worth over one thousand dollars, the house on the same having been destroyed by fire.

"And on the 9th day of June, 1871, said Albert C. Isaacs paid off and discharged the said two-hundred-and-thirty-dollar note, to secure which the mortgage to State of Indiana was made; that said John H. Scott has wholly failed to pay either or any of the notes hereinbefore described; that for the years 1869, 1870, and 1871, said John H. Scott was assessed for taxes in Vanderburg county on said lot No. 6 and improvements; said taxes on said lot and improvements and penalty and costs on same amounting to the sum of forty-six dollars and twelve cents; that for the years 1869 and 1870 said Scott was assessed for taxes on his personalty and poll the taxes on said personalty and poll and penalty and costs on same amounting to one hundred and twenty-one dollars and ninety cents; that plaintiff, Albert C. Isaacs, has tendered to and offered to pay to said treasurer all the taxes, penalty, and cost on said lot No. 6 for the years 1869, 1870, and 1871, to wit, the said sum of forty-six dollars and twelve cents, and tenders the same in court, and which the said treasurer refused and still refuses to receive; and that said treasurer and auditor have advertised said lot for sale on the first Monday in February, 1872, or a sufficiency thereof to pay and satisfy said sum of one hundred and sixty-eight dollars and two cents, and will proceed to sell the same

unless prevented and restrained by order of court from so doing, and if so sold will produce great injury to plaintiff; and that there is no lien on said lot for the payment of any amount over and above the said sum of forty-six dollars and twelve cents.

"And prays for a restraining order and an injunction enjoining and restraining said auditor and treasurer from selling said lot for the payment of said sum of one hundred and twenty-one dollars and ninety cents; and that on a final hearing of the cause said injunction be made perpetual; and that plaintiff recover his costs; and for all necessary, general, and proper relief."

We are of opinion that the demurrer to the complaint was correctly sustained. The taxes that accrued against John H. Scott, for poll and personal property, whilst he was the owner of the lot, as well as the taxes upon the lot, were a lien upon the lot. This point was considered and decided in the case of *Bodertha* v. *Spencer*, 40 Ind. 353. We need not add anything upon this point to what was said in that case.

It is urged by counsel for appellant that, by his purchase under the mortgages, he acquired a right prior and superior to the lien for taxes which accrued after the property was transferred to Scott. We are of a different opinion.

The judgment below is affirmed, with costs.

*S. R. Hornbrook* and *H. R. Littell*, for appellant.

*J. M. Warren* and *H. A. Mattison*, for appellees.