## SCHAUM ET AL. *v.* SHOWERS.

COUNTY TREASURER.—*Taxes Unpaid Standing Charged against Treasurer on Final Settlement.—Statute.—Lien.*—Section 193, 1 G. & H. 113, provides, that "if any county treasurer, on making settlement with the county auditor, shall stand charged with any tax remaining unpaid, and shall not receive a credit therefor in such settlement, such treasurer may collect such tax for his own use, at any time within one year after such settlement, either by distress and sale, as hereinbefore provided, or by action of debt in his own name, before any justice of the peace, or court having jurisdiction."
*Held,* in an action, based on this section, against the owner of the property against which the taxes in question were assessed, and the mortgagee of certain real estate constituting a part thereof, that a lien could not be declared upon such real estate for the amount of said taxes.

From the Posey Circuit Court.

*A. Iglehart* and *J. E. Iglehart,* for appellants.

*E. M. Spencer* and *W. Loudon,* for appellee.

BUSKIRK, C. J.—Showers sued Schaum and Muenchoff, alleging that on the 1st of April, 1872, and thence till 1873, he was treasurer of Posey county; that while he was such treasurer there was assessed against the property in the complaint described, upon which there was located a mill and distillery, and against other real and personal property belonging to "the firm of George Wolflin & Co., the sum of four hundred and ten dollars and fifty cents," and that the defendants, Herman and Ferdinand Muenchoff, are the surviving partners of said firm, George Wolflin having died in October, 1873; that while the plaintiff was treasurer, at the request of Wolflin, he took out a receipt for said taxes, and charged himself with the amount thereof, four hundred and ten dollars and fifty cents; that no part of said sum has been paid, but the same is due; that said plaintiff made his final settlement with said county as treasurer, in June, 1873, and did not at that or any other time receive any credit therefor; that said Charles and Herman Schaum hold a mortgage upon the said real estate to secure the payment of ten thousand dollars; prayer for judgment against Muenchoff for four hundred and ten dollars and

Schaum *et al. v.* Showers.

fifty cents, that the same might be declared a lien upon the real estate prior to the mortgage of Schaum & Schaum, and in default of the payment of the same, an order for the sale of said real estate in satisfaction of the same.

A demurrer to this complaint, for want of sufficient facts, was filed by Charles Schaum and Herman Schaum, the mortgagees, and overruled, and they excepted; and said defendants declining to answer further, and the others being defaulted, the court found that the plaintiff's claim was a lien upon the property mentioned in the complaint prior to the mortgage of said Charles Schaum and Herman Schaum, to which finding said Charles and Herman duly excepted; and thereupon the court rendered a personal judgment against said Ferdinand and Herman Muenchoff for four hundred and sixty dollars.

The court also entered a decree directing that in default of the payment of said sum, with costs, the lands should be sold to satisfy the lien, to which decree Charles and Herman Schaum duly excepted, and prayed an appeal.

The errors assigned are :

1. The overruling of the demurrer to the complaint.

2. The finding that the claim of the appellee is a lien on the land prior to the appellants' mortgage.

3. The final decree of the court directing the sale of the land for the satisfaction of the claim of appellee.

The co-defendants have been notified, and are in court, in accordance with sec. 551 of the code.

The action is based upon section 193 of the act providing for the assessment of taxes, etc. 1 G. & H. 113. This section provides, that " if any county treasurer, on making settlement with the county auditor, shall stand charged with any tax remaining unpaid, and shall not receive a credit therefor in such settlement, such treasurer may collect such tax for his own use, at any time within one year after such settlement, either by distress and sale, as hereinbefore provided, or by action of debt in his own name, before any justice of the peace, or court having jurisdiction."

Two questions are presented by the record :

1. Do the allegations in the complaint bring the case within the statute ?

2. If the case is within the statute, can the treasurer enforce his lien by action?

We will consider these points in their order. The statute requires :

First. That on making settlement with the auditor the treasurer must stand charged with the tax.

Second. He must not have received a credit in such settlement.

Third. Such action must be brought within a year from such settlement.

It is insisted that the complaint is defective. It is averred that when the treasurer took out a receipt he charged himself with the amount of such taxes; that he made his final settlement with said Posey county, as treasurer thereof, on the —— day of June, 1873, and did not, at that time or at any other time, ever receive any credit therefor. It is claimed that it does not appear from the complaint that the action was brought within the time limited by the statute. The action must be brought within one year after the settlement, not after the payment, as contended by counsel for appellants. The settlement was made in June, 1873, and the action was commenced on the 12th day of March, 1874, which was within the time limited.

Another objection is urged to the complaint, which we will state in the language of counsel for appellants :

" But, second, we insist that the statute does not justify the remedy adopted by the appellee, and enforced by the court.

" The proposition is, we think, too elementary to admit of one moment's question, or to require the citation of any authority, that when a new remedy is given by statute, the remedy pointed out must be strictly pursued, and cannot be enlarged.

" It is insisted by the appellees that inasmuch as there was a lien upon the real estate for the payment of the taxes, which could have been enforced by sale under the ordinary publication under the tax laws, and inasmuch as the statute gives him

a remedy by action, he may resort to the remedy by action to enforce the lien. But surely this is neither good law nor logic. The real question presented is, could the appellee while treasurer, and before he paid the tax, enforce the lien thereof upon the land by suit? If he could have done so, he may maintain this action, but if not he must fail here, for surely the statute does not confer the power. For it cannot be said that the power to collect a tax by action of debt confers power to enforce a lien by action; because there happens to be a lien, for the enforcement of which a specific remedy by distress and sale is pointed out by statute.

" The section of the statute providing a remedy, whereby a treasurer who by any means becomes a creditor of the tax-payer may secure himself against loss, while it is in one sense remedial, still belongs to that class in which all statutes for the enforcement of the payment of taxes are classed, and must be strictly construed.

" But strict construction is not necessary to sustain this appeal. All that is necessary is, not to extend the terms of the statute, but to give it all the force the terms justify, without any unnatural implications.

" The evil was, that if a treasurer by any means satisfied a tax and charged himself with it, the right to collect by distress and sale was gone, and he had no right of action against the tax-payer, unless there was such a state of facts as should raise an assumpsit. To obviate this evil, this section of the statute simply preserved the remedy by distress and sale in all cases where the treasurer had by any means become charged, and had not been paid. This was proper, preserving the rights of the tax-payer and the treasurer. This remedy, however, might not be efficient, as there might not be any property in the county on which he could seize to make his money, and so the section gives a remedy by ' action of debt.' Hence, under the section where the treasurer could proceed *in rem* against the tax-payer's property, he must distrain and sell as directed by the general provision of the statute. But when he proceeds by

suit, he can only proceed by action *in personam* against the tax-payer.

"The appellee may object that this construction is technical and literal, but we answer, that it is in consonance with the spirit and manifest intention of the section, and we might content ourselves with the simple statement, *ita est lex.*"

The above quoted section gave the appellee two remedies. The one was by the distress and sale of the goods of the persons for whom he had paid the taxes. This remedy he did not pursue. The other was by an action of debt. We think that when the appellee receipted for the taxes, and charged himself with the amount, the lien on the land was discharged. This is made to appear in two ways; first, by limiting the first remedy to the distress and sale of the goods of the owner of the land. If the purpose had been to retain the lien upon the land, it would have authorized its sale as other lands are sold for non-payment of taxes.

In the second place, the second remedy is by an action of debt. There is nothing said about the enforcement of a lien. We think it authorizes a personal judgment, and nothing more. The case of *Bright* v. *Markle,* 17 Ind. 308, tends to confirm us in such conviction. There, it was said : "Jacob Markle was treasurer of Jasper county, Indiana, and alleges that he charged himself with taxes due from Bright and Dunn, and settled with the auditor for them. He now sues Bright and Dunn in an ordinary civil action for the amount, as for money paid to their use." This being a new and extraordinary remedy, it should be strictly pursued, and should not be extended beyond the plain meaning of the language used.

Having reached the conclusion that the lien upon the land was extinguished, it remains to inquire whether there is any personal liability against appellants, upon the ground that they are mortgagees of the land in question, and the payment of the taxes inured to their benefit.

The nineteenth section of the assessment law, 1 G. & H. 72, provides, that "in cases of mortgaged real estate, the mortgagor

Schaum *et al. v.* Showers.

shall, for the purposes of taxation, be deemed the owner until the mortgagee shall have taken possession of the mortgaged premises, after which the mortgagee shall be deemed the owner." See *Bodertha* v. *Spencer*, 40 Ind. 353; *Isaacs* v. *Decker*, 41 Ind. 410.

The evidence is not in the record, and we are not advised whether the mortgagees have taken possession or not.

We have thus far considered the case as it was affected by sec. 193, above quoted.

It seems that the appellee has another remedy than that given by the above quoted section. Section 105 of the assessment law, 1 G. & H. 98, provides, that " whenever any county treasurer or collector for any previous year shall have charged himself with, and accounted for, any tax that shall not have been paid to him, such tax shall be deemed and taken as due him personally, whether in or out of office, and may be by him collected in the same way as other taxes due and unpaid are collected."

By the above section, the treasurer is subrogated to the right of the State and county. The question, however, is not before us, and we do not decide whether the facts of the case bring it within the above section.

The above section cannot apply to this action, as it is based upon that clause of section 193 which gives an action of debt. Section 105 constitutes section 162 of the present assessment law. See Acts 1872, p. 57.

The judgment against appellants is reversed, with costs; and the cause is remanded for a new trial, in accordance with this opinion.