## FORESMAN v. CHASE ET AL.

TAXES.—*Holder of Legal Title to Real Estate Liable for.—Sheriff's Sale.— Trustee.—Agency.—Attorney.*—In January, 1873, A. was in possession of, and owned the legal title to, certain real estate, subject to incumbrances. At that time the legal title to said real estate was sold by the sheriff to B, under an execution issued upon a judgment of a competent court. A certificate of purchase was issued to B. by the sheriff, and in January, 1874, a deed upon said certificate was executed to B. by the sheriff, which deed was duly recorded. B. held the legal title until January, 1875, when he reconveyed it to A., who had all the time been in possession of the property. The deed executed to B. by the sheriff did not appear on its face to be made to him as trustee for any person, nor did the deed of reconveyance to A. contain a condition that said A. should pay delinquent taxes. B. claimed to hold the real estate simply as agent for the judgment plaintiff, whose attorney he was; this claim was not known to the assessor or treasurer of the county.

*Held,* that B. is liable for the taxes upon the real estate during the time he held the legal title thereto.

SAME.—*Delinquent Tax-Payer.—Penalty.—Personal Property.—Tenant.*—The fact that a delinquent tax-payer or his tenant has personal property which the collector can demand, and out of which he can make the taxes, and fails to do so, will not save the delinquent from the penalty, or release him from the tax.

Foresman *v.* Chase *et al.*

SAME —*Injunction.—Illegal Taxes.—*Where a part of the taxes, assessed against a person are illegal, an injunction will not lie to restrain its collection, until he pays or tenders the portion legally assessed.

From the Tippecanoe Circuit Court.

*J. M. Larue, F. B. Everett* and *F. Rising,* for appellant.

*H. W. Chase, J. A. Wilstach* and *D. Turpie,* for appellees.

PERKINS, J.—Chase and Wilstach filed a complaint against Bennett Foresman, treasurer of Tippecanoe county, Indiana, for an injunction upon the collection from them of a certain amount of taxes.

They made the following averments in the complaint:

That they were partners in the practice of the law; that on the 28th day of February, 1871, they obtained, in the common pleas court of said county, for Henry C. Barnett and others, residents of Dayton, Ohio, a judgment against George Pierce and John W. Jameson, for six hundred and thirty-four dollars and costs; that on the 1st day of November, 1872, an execution was duly issued on said judgment to James Murdock, sheriff of said county; that on the 2d day of November, 1872, the said Pierce and Jameson were the owners of the legal title to the following real estate, situate in said county, to wit: Commencing at the north-east corner of the east half of the north-east quarter of section fourteen, in township twenty-three north, of range four west; running thence north sixty-two poles; thence south, $31\frac{1}{2}°$ west, one hundred and ten poles; thence south, 24°east, twenty-three and sixty-one hundredths poles, thence north, 66° east, fifty-two poles; thence north thirty-two and twenty-four hundredths poles, to the place of beginning, containing twenty-two and fifty-five hundredths acres, more or less, upon which was, and still is, a grist and flouring mill, said real estate being of the value of five thousand dollars, but incumbered by mortgages executed prior to February 28th, 1871, to its full value, so

that the interest of said Pierce and Jameson therein was of nominal value only; that said Chase & Wilstach, attorneys as aforesaid, the appellees, for the purpose of facilitating the collection of said judgment, for the plaintiffs therein, instructed said sheriff, Murdock, after the defendant therein had refused to give up property to pay said judgment, to levy on said real estate and sell the same; that the sheriff thereupon levied, and, on the 25th day of January, 1873, having duly advertised, etc., at the proper place, sold said real estate, the appellees, as attorneys for the plaintiffs, buying the same for them, for ten dollars, the highest price bid therefor, which sum was applied to the payment of costs, in the cause, and the usual certificate of purchase issued to said Chase & Wilstach; that they informed said Pierce and Jameson of their relation to the property; that they purchased and held the same as mere agents of the judgment plaintiffs, and all they wanted was their debt, interest, costs and expenses, upon the payment of which the property would be quitclaimed to them, they still being in possession of the real estate. It is further averred in the complaint, that on the 31st of January, 1876, Christian N. Wisely, the successor of said James Murdock as sheriff of said county of Tippecanoe, executed to the appellees, said Chase & Wilstach, a deed for said property, pursuant to the above mentioned certificate of purchase, which deed they caused to be recorded, but never made any effort to obtain possession of the land, and never received any rents and profits therefrom; that afterward, in the month of January, 1875, said appellees, upon the request of said Pierce and Jameson, conveyed the said real estate to them by deed of quitclaim, in consideration of twenty-five dollars, the amount of expenses, etc., above mentioned; that the said Pierce and Jameson paid the amount of the judgment above mentioned, costs and expenses, thus relieving said real estate from the incumbrance,

and these appellees never claimed any interest therein except as trustees as aforesaid.

It is further averred in the complaint, that during the years 1874, 1875, 1876 and 1877, the real owners and occupiers of said real estate had personal property of various kinds, of the value of at least eight hundred dollars, which was liable to be seized and sold to pay the State and county taxes levied upon said real estate, but that no part of said personal property has ever been seized to pay said taxes or any part thereof, by the defendant or any of his predecessors in office, nor has said real estate ever been sold by said defendant or any of his predecessors in office, to pay said taxes or any part thereof, nor has said defendant, or any of his said predecessors, ever demanded of the said Chase & Wilstach any of said taxes, nor notified them that the same or any part thereof were delinquent, until since the 1st day of January, 1878.

It is further alleged in the complaint, that said Pierce and Jameson, the owners and occupiers of said real estate, have all the time had, and still have, in said county, a large amount of personal property, consisting of cattle, horses, hogs and grain, more than sufficient to pay all delinquent taxes upon said real estate, and which has been and is liable to be seized therefor.

It is further alleged in the complaint, that on or about the 10th day of January, 1878, the defendant, as treasurer as aforesaid, alleged and claimed, and still does claim, against said Chase & Wilstach, that there was a large amount of delinquent taxes standing on the tax duplicate in his hands for collection, which had been levied for State and county purposes upon said real estate for the years 1874, 1875, 1876 and 1877, to wit, the sum of four hundred and forty-five dollars and seventy-two cents, including the interest and penalties provided by law; that said taxes, etc., were and are a claim against said Chase & Wil-

stach, because said real estate stood in their names, as owners, on said tax duplicate, during all the years last aforesaid, and still stands thereon in their names; and thereupon the defendant, treasurer as aforesaid, threatened and still threatens to seize and sell the personal property of said Chase & Wilstach, to wit, their law-books and office and other furniture which they have, of the value of one thousand dollars, in said county, to pay said four hundred and fifteen dollars and seventy-two cents of taxes for all said years 1874, 1875, 1876 and 1877, with the interest, costs, penalties, etc., and said defendant will so sell the same unless restrained by this court.

It is further alleged that said taxes, etc., are not a valid claim against said Chase & Wilstach, or either of them, because of the facts aforesaid, and because they have not, nor has either of them, any of the property, money, assets, credits or effects of such judgment plaintiffs, or either of them, in their possession or control. Wherefore they pray a perpetual injunction upon the sale of their said property, etc. The complaint was duly verified.

It was demurred to for want of sufficient facts. The demurrer was overruled. The defendant declined to answer the complaint, and final judgment was rendered enjoining the sale of the property of Chase & Wilstach. See *Pugh* v. *Irish*, 43 Ind. 415.

The material facts in this case are condensed in the following statement:

On the 25th day of January, 1873, Pierson and Jameson were in possession of the real estate hereinbefore described, and owned the legal title to the same, subject to incumbrances. On that day the legal title to said real estate was offered for sale by the sheriff of Tippecanoe county, to satisfy an execution duly issued upon a judgment in a court of said county, and was purchased upon said sher-

iff's offer by Chase & Wilstach, the plaintiffs below in this suit. A certificate of purchase was issued to them by said sheriff, and, on the 31st day of January, 1874, a deed upon said certificate was made to them by the sheriff of said county, which they caused to be duly recorded. They held the legal title to said real estate till sometime in the month of January, 1875, when they reconveyed it to said Pierce and Jameson. The deed made to the appellees by the sheriff did not appear to be made to them as trustees for any person; nor does it appear that the assessor or treasurer of said county knew that they claimed to hold the land as trustees; nor does it appear that, in the reconveyance, it was made a condition that Pierce and Jameson should pay the taxes in question.

Upon these facts appellees were liable for the taxes assessed upon said real estate during the years they owned it. As a general proposition, the owner of property is liable to be taxed upon it. See the statute for the assessment of taxes in force during the years 1873, 1874 and 1875. This case does not fall within *Bodertha* v. *Spencer*, 40 Ind. 353. The personal property of the owner within the county is the primary fund out of which all State and county taxes assessed against him are to be collected. *Cones* v. *Wilson*, 14 Ind. 465; *Ewing* v. *Robeson*, 15 Ind. 26. But the fact that the delinquent party had personal property, which the tax collector could have demanded, and out of which he could have made the taxes from year to year, and failed to do so, does not, under the statute, save the delinquent tax-payer from the penalty, or release him from the tax. It was his duty to pay his taxes. *Roseberry* v. *Huff*, 27 Ind. 12. Nor does the fact that the occupants, the tenants of the land owned by Chase & Wilstach, had personal property on the land, excuse the owners thereof from paying the taxes on said property. See *Noland* v. *Busby*, 28 Ind. 154. As we have seen, the appellees were liable for

the taxes on the real estate in question for some period of time; what that period was, a trial may determine. It is enough for the present case, that they owed, and still owe, some amount of the taxes due on said estate; because, until they paid, or tendered that amount, no suit for injunction upon the collection of the amount beyond said sum could be maintained. *Roseberry* v. *Huff*, *supra*; *Isaacs* v. *Decker*, 41 Ind. 410. It is presumed that, when the appellees caused their deed for the land to be recorded, it was transferred to their names for taxation. Indeed, the complaint avers that the land was in their names on the tax duplicate.

This was a complaint to restrain the collection of certain taxes. It was for the plaintiffs, the appellees, to show that they were not liable to pay said taxes, or any part thereof. They failed to show that fact in the complaint they filed. Some party was liable to pay these taxes. The appellees made no party defendant but the county treasurer. He is not shown to be liable. Liability could not be fixed upon any one, in this suit, who was not a party to it; though the plaintiffs might have shown that they were not liable, by showing that a third person was.

The demurrer to the complaint should have been sustained.

The judgment is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.

### ON PETITION FOR A REHEARING.

SCOTT, J.—After full argument, we have concluded that the petition for a rehearing in this cause must be overruled.

If the deed from the sheriff to the appellees had shown on its face that they held the land in trust, and were not in possession, nor receiving rents therefrom, they would not be liable for taxes assessed against the property; but we are of opinion, that, under the facts alleged in the com-

plaint, the appellees are liable for the taxes assessed against the property for the years in which they held the title, and the treasurer had the right to look to them for that portion of the tax; and as that portion of the tax was not paid, nor any one before the court, on the complaint, against whom the tax might have been enforced, the demurrer to the complaint should have been sustained.

The petition for a rehearing is overruled.