STATE, EX REL. RILEY, V. TAGGART, AUDITOR, ET AL.

[No. 18,245.   Filed October 7, 1897.]

TAXES.—*County Treasurer.*—*Collection of Unpaid Taxes Charged to Treasurer in His Accounting.*—*Statutes Construed.*—Section 162 of the tax law of 1872 (Acts 1872, p. 102), providing that whenever a county treasurer shall have charged himself and accounted for taxes which have not been paid to him such taxes shall be deemed as due him personally, whether in or out of office, and may be collected by him in the same way as other taxes are collected, must be construed with section 238 thereof, limiting such right to collect for his own use from the personal property of the tax debtor, and within one year from the time of settlement.  *pp. 433–435.*

MANDAMUS.—*To Compel Auditor to Place Taxes on Tax Duplicate Accounted for by Treasurer*—The assignee of a tax lien, for taxes accounted for by a county treasurer in his annual settlement with the county auditor, cannot maintain mandamus proceedings to compel such auditor to place such taxes on the tax duplicate, after a period of nearly twenty years had elapsed from the time it was alleged that the assignor was charged with and accounted for the taxes.  *pp. 435, 436.*

From the Marion Circuit Court.  *Affirmed.*

*Fishback & Kappes* and *E. A. Parker*, for appellant.

*Roscoe O. Hawkins, Horace E. Smith, Wm. N. Harding* and *Alfred R. Hovey*, for appellees.

JORDAN, J.—On the fourth day of September, 1894, the relatrix, Elizabeth Riley, filed her petition for a mandamus to compel Taggart, as the auditor of Marion county, Indiana, to place upon the tax duplicate certain taxes, claimed to be a lien in her favor, on certain described real estate, situate in the city of Indianapolis.  The action seems to have been continued upon the docket of the lower court until after the expiration of Taggart's term of office, in November, 1895,

when Smith, his successor, was substituted in his place. Separate demurrers upon the part of appellees, Taggart and Smith, were sustained to the alternative writ of mandate, and the relatrix refusing to proceed further, judgment was rendered against her for cost. The action of the court in sustaining these demurrers are the errors complained of in this court. It is, among other things, substantially alleged in the petition and alternative writ, that the defendant, Benjamin F. Riley, was on October 17, 1874, the treasurer of Marion county, Indiana, and that on said day he charged himself with and accounted for certain taxes, which are set out in the petition, and that said taxes were not credited to him in his final settlement with the county, nor was the tax duplicate at any time, or in any manner, canceled or satisfied as to said taxes. That neither relatrix nor said Benjamin F. Riley has been reimbursed in any manner for said taxes, but the same all remain a valid and perpetual lien upon the property described therein, principal, interest, penalties and cost. It is shown by further averments that one Nicholas R. Ruckle, on said 17th day of October, 1874, was the owner of the real estate described, and at said date liable to the payment of the taxes. It is further alleged that these taxes, without the consent of Benjamin F. Riley, were dropped from the tax duplicate of the county. All right of said Benjamin F. in or to said tax claim is charged to have passed to the relatrix before the beginning of the action, by an assignment by him, and it is averred that at the time of said assignment, said Riley being out of office, was entitled to have the taxes collected for his own use as other taxes are collected. It is also alleged to be the official duty of the auditor to place these taxes upon the duplicate, which duty, on demand, he has refused to discharge, and the prayer is for a mandate to com-

pel him to discharge this duty. The appellant bases the right of Benjamin F. Riley, before the assignment to the taxes in dispute, on section 162 of the tax law of 1872. 1 Davis R. S. 1876, p. 113 (Acts 1872, p. 102). This section provides as follows: "Whenever any county treasurer or collector for any previous year shall have charged himself with, and accounted for, any tax that shall not have been paid to him, such tax shall be deemed and taken as due to him personally, whether in or out of office, and may be by him collected in the same way as other taxes due and unpaid are collected."

Section 155 of the same statute provided in the first instance for the collection of taxes due and unpaid by distress and sale of the goods and chattels of the delinquent taxpayer. Sections 177 and 178 provided for refunding to the county treasurer money paid and accounted for by him by reason of erroneous charges on the duplicate, or from other causes, etc. Section 180 requires annual settlements to be made by the treasurer with the auditor on the third Monday of April. Section 238 is as follows: "If any county treasurer, on making settlement with the county auditor, shall stand charged with any tax remaining unpaid, and shall not receive a credit therefor in such settlement, such treasurer may collect such tax for his own use, at any time within one year after such settlement, either by distress and sale, as hereinbefore provided, or by action of debt in his own name, before any justice of the peace, or court having jurisdiction."

This last section gave to a county treasurer who was charged with, and had acounted for taxes in his settlement with the auditor, and for which he had not received a credit, two remedies to enforce the collection of such taxes for his own use, within one year after

such settlement. One, by distress and sale of personal property of the party liable for the taxes; second, by an action of debt against such person before any justice of the peace, or in any court having jurisdiction. See *Schaum* v. *Showers*, 49 Ind. 285. The tax law of 1872 was in force during Riley's term of office as treasurer, and until 1881, long after his term expired, when it was superseded by another law. It does not appear that he at any time, either within the prescribed limit of one year after the settlement in which he failed to receive the credit for the unpaid taxes charged to him, or at any other time, attempted to avail himself of either of these remedies, or any other provision of the law, in order to be reimbursed for the taxes so charged and accounted for by him to the county. There is no showing that Ruckle did not, during the time in question, own and have sufficient personal property in Marion county, which, under the law was primarily liable for the payment of these taxes, and out of which they, in the first instance, might have been collected by sale and distress, or upon execution on a judgment rendered in an action of debt. Sections 155, 162 and 238 must be construed together. The latter limited and confined the right of the treasurer, whether in or out of office, to collect for his own use, from the personal property of the tax debtor, the taxes mentioned in either of the last two sections by one or the other of the methods prescribed, within one year from the time of settlement. The decisions of this court have uniformly recognized the doctrine that the personal effects or goods of the delinquent taxpayer, situated in the county, are, under the law, first subjected to the collection of his taxes; and where he has sufficient personal chattels, a sale of his real estate, in the first instance, will not operate to pass a valid title to the purchaser. In the case at bar, as hereto-

fore said, it does not appear that any attempt was made to pursue the personal property of Ruckle, neither is it disclosed that he had none, nor is there any excuse whatever shown for failure to do so within either the prescribed time, or any other; but, after permitting nearly twenty years to elapse, an appeal is made to a court of justice to compel the auditor to act, in order to enable the relatrix to enforce the payment of the taxes by sale of real estate formerly owned by Ruckle, but which, as insisted by appellees, has long since passed to innocent parties. While it is true if these taxes were still due to the State the lien against the lands would continue until they were paid, yet under the facts, no such right can be said to exist in favor of the relatrix. The tax statute expressly provided and pointed out an adequate remedy by which the collection of the taxes might have been enforced. It ought to have been pursued, but was not. As a general rule, under such circumstances, an action of mandamus will not lie. *Louisville, etc., R. R. Co.* v. *State,* 25 Ind. 177. The right to enforce payment of the taxes in question being barred by neglect to proceed in the manner and within the time provided by the statute, the auditor owed no duty, under the law, to the appellant, and therefore she was not entitled to the writ of mandate. Upon another view of the case, even if it could be said that the right to enforce the collection of her claim against the real estate set out in the petition still exists, she is, however, not entitled to ask any relief by way of mandamus proceedings. As heretofore said, a period of nearly twenty years had run from the time it is alleged that her assignor was charged with and accounted for the taxes, before she instituted this action. A period after which, under the statutes of limitation, no civil action can be commenced, had almost elapsed before any steps were

taken looking to the enforcement of her alleged right; and then, after the rights of other persons, as claimed, had intervened, this extraordinary remedy is invoked. The delay, therefore, in acting, under the circumstances, is unreasonable, and renders the relatrix guilty of laches, and this fact alone would warrant a denial of her prayer for a writ of mandate. This rule is settled by many authorities. See *Jones* v. *Cullen,* 142 Ind. 335; *People* v. *Chapin,* 104 N. Y. 96, 10 N. E. 141; 14 Am. & Eng. Ency. of Law, pp. 107, 186.

Judgment affirmed.