ROSEBERRY, Treasurer of Tippecanoe County, *v.* HUFF.

TAXES.—PENALTY.—The penalty of ten per centum required by law to be added to delinquent taxes is not to be repeated each year that the tax of a particular year remains unpaid. The law does not contemplate either compound interest or compound penalties.

SAME.—The fact that the tax payer had property in the county, out of which the taxes could have been made, does not relieve him from the penalty. His duty is to pay the taxes to the treasurer.

SAME.—INJUNCTION.—A person asking the aid of a court of chancery to restrain the collection of taxes, a part of which only are alleged to be illegal, must first pay, or offer to pay, the taxes legally due from him.

APPEAL from the *Tippecanoe* Circuit Court.

GREGORY, J.—*Huff* filed his complaint against *Roseberry*, treasurer of *Tippecanoe* county, alleging that his taxes for the years 1853 to 1863, inclusive, were delinquent and unpaid, except the sum of $100, paid *October* 23, 1863, setting

forth the amount of taxes for each year; that the treasurer, finding these taxes delinquent, up to and including the year 1857, charged up against the plaintiff the penalty of ten per centum on each year's taxes, and also compound interest upon the original assessments, and upon the penalty; that subsequent to the year 1857, up to and including the year 1862, the treasurer charged up against the plaintiff, annually, ten per centum upon the aggregate amount of the assessments, including the penalty, together with compound interest on both assessments and penalties; that the treasurer is threatening to collect these sums from the plaintiff by process of law; that the plaintiff has at all times since the first assessment had property in the county sufficient to pay all said taxes and assessments. Prayer that the defendant be enjoined from enforcing the collection of the compound interest and compound penalties so charged, and for general relief. A demurrer to the complaint was overruled, and, on an admission that the matters charged were true, the court, over the objection of the defendant, rendered a decree that the defendant and his successors in office be enjoined from collecting from the plaintiff any other or further sums than the taxes assessed against him, with ten per centum penalty on the first sum delinquent, on which sum, and said ten per centum thereon, six per centum annual interest be computed, and that like interest be computed on each subsequent year's taxes from the time they should have been paid, but that only one penalty shall be collected, and that on the taxes first delinquent, and that no interest be computed on interest.

The question argued by counsel is this: Does the statute authorize and require compound penalties and compound interest to be added and computed on delinquent taxes?

It is provided by section 142 of the act of *June* 21, 1852, (1 G. & H., 104,) that "between the first and fifteenth days of *November*, annually, the county auditor shall make out and record, in a book to be provided for that purpose, a list of lands returned and remaining delinquent for taxes,

describing such lands as the same are described in the tax duplicate, and charging them with the amount of delinquent tax, with interest and a penalty of ten per centum on such taxes, also with the taxes of the current year, and shall certify to the correctness thereof, with the date when the same was recorded, and sign the same officially." Section 78 of the same act provides that "the county auditor shall estimate, in dollars and cents, rejecting fractions of a cent, and set down on such duplicate, in separate columns, the state, county, school and road tax chargeable on the valuation of property contained in such duplicate; also, the amount of taxes on all property returned delinquent for any preceding year, and remaining unpaid, and a penalty of ten per centum on the amount of such tax; also the state and county poll tax; and shall carry out the aggregate amount in a column of totals." So far as this question is concerned, the amendatory act of *May* 31, 1861, does not change the law of 1852. Nor do we think that section 112 of the act of 1852, (1 G. & H., pp. 99, 100,) has any bearing on the question involved.

The law provides for a penalty of ten per centum on delinquent taxes. Taxes once delinquent remain delinquent until they are paid. It cannot, in any legal sense, be said that taxes already delinquent, become delinquent at each successive year of their non-payment. Once delinquent, they are always delinquent until paid. The penalty attaches to each year's taxes, as they become delinquent, but once, and interest is computed on the several sums due from the respective times fixed by law. The law does not contemplate either compound interest, or compound penalties.

But the fact that the appellee had property out of which the treasurer could have made the taxes, does not, under the statute, save him from the penalty. It was his duty to pay his taxes. He cannot take advantage of his own wrong.

A party asking the aid of a court of chancery must do equity. The appellee is entitled, on the payment of the

taxes justly due from him, to a perpetual injunction against the collection of the illegal interest and penalties charged against him. The court below erred in rendering the final decree.

The judgment is reversed, with costs, and the cause remanded, with directions to render a decree in accordance with this opinion.

*J. M. La Rue,* for appellant.

*S. A. Huff,* for appellee.