43   415
159   391

43   415
169   383

## PUGH, TREASURER, *v.* IRISH.

PLEADING.—*Injunction.—Illegal Tax.*—In an action against a county treasurer, to enjoin the collection of a tax alleged to have been illegally assessed by the assessor, the complaint must show that the assessment was placed upon the

tax duplicate, that the duplicate is in the hands of the treasurer, and that he is threatening to collect the tax.

From the Madison Circuit Court.

*W. R. Pierse* and *H. D. Thompson,* for appellant.

*H. Craven,* for appellee.

OSBORN, J.—The appellee filed her complaint against the appellant "as Treasurer of Madison county and State of Indiana," in which she alleges that she is the widow of Samuel D. Irish; that she was his third wife, and that their marriage was without issue; that Irish died in April, 1864, leaving her as his widow and numerous children by his first wives; that he died siezed of real estate in Madison county, which was sold by order of court, and that one-third of the amount of the sale, seventeen thousand two hundred and thirty-eight dollars and thirty-three and one-third cents, is held by certain persons (who are named) in trust for her, on which she draws the semi-annual interest, at the rate of six per cent. per annum; the principal sum not being payable to her during her life, nor to her heirs at her death; that she was assessed by the regular assessor for Fall Creek township in Madison county with the entire amount of the seventeen thousand two hundred and thirty-eight dollars and thirty-three and one-third cents as so much cash on hand, or property of that cash value for the year 1869; that she was born in 1815; that the annuity was not of the value of seventeen thousand two hundred and thirty-eight dollars and thirty-three and one-third cents, nor was it at that time of any greater value than the annual interest thereon; that she annually gives in to the assessor the amount of cash that she has on hand on the first day of January of each year, also the amount she has at interest, "whereby the entire proceeds of her life interest in the estate of her deceased husband is annually taxed against her, and that she was so assessed and taxed by the assessor for the year 1869, with the additional sum of seventeen thousand two hundred and thirty-eight dollars and thirty-three and one-third cents, and

that the latter item of the assessment was erroneous and illegal.

Prayer that the treasurer and his successors in office be perpetually enjoined from the collection of the tax so assessed on the seventeen thousand two hundred and thirty-eight dollars and thirty-three and one-third cents, and for general relief.

A demurrer was filed to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, which was overruled, and an exception was taken. An answer was then filed in denial of the allegations in the complaint. The cause was tried by the court, resulting in a finding for the appellee. A motion for a new trial was filed and overruled. Motions in arrest of judgment and for judgment against the plaintiff were made in their order and overruled. Exceptions were taken to the rulings. Final judgment was rendered in favor of the appellee according to the special prayer in her complaint.

The demurrer to the complaint should have been sustained. There is no cause of action stated against the appellant. It is not alleged that the amount of the assessment was placed upon the duplicate, or that the duplicate was in the hands of the appellant, or that he was threatening to collect the tax. She avers that she made a report to the assessor, showing the amount of her taxable property, and that the assessor added the amount complained of. She fails to aver that the auditor placed it upon the duplicate, or that the appellant is attempting to collect it. He cannot be held liable for the wrongful acts of the assessor.

The complaint being fatally defective for the cause stated, it is unnecessary and perhaps improper for us to consider any other question.

The judgment of the said Madison Circuit Court is reversed, with costs. The cause is remanded, with instructions to said court to sustain the demurrer to the complaint, and for further proceedings in accordance with this opinion.