**BROWN ET AL. *v.* HERRON.**

INJUNCTION.—*Tax.*—*Amount Due Must be Paid or Tendered.*—An injunction will not lie to prevent the collection of a tax for a mere irregularity in the method of assessment, when any portion of the amount of the tax is legally due. The amount due must be paid or tendered before suit for an injunction.

SAME.—*Pleading.*—A complaint to enjoin the collection of taxes is insufficient without an allegation, that the tax duplicate is in the hands of the treasurer, without which the act of the treasurer in making a levy would be a trespass, for which there would be a remedy at law.

From the Montgomery Circuit Court.

*L. Wallace* and *R. B. F. Pierce,* for appellants;

*G. D. Hurley,* for appellee.

BIDDLE, C. J.—The only question presented in this case arises upon overruling a demurrer, alleging the insufficiency of the facts stated in the second paragraph of the complaint to constitute a cause of action. The allegations are as follows:

"Par. 2. John S. Brown, Robert M. Ramsay, Aaron H. Blair and Lewis Wallace complain of William B. Herron, treasurer of Montgomery county, Indiana, and say, that on the 1st day of January, 1871, and for more than two years immediately preceding, said plaintiffs, with one John W. Blair, since deceased, were engaged, under the firm name and style of Brown, Ramsay & Co., in the general business of manufacturing pork, at Crawfordsville, Indiana; that they were manufacturers of lard and pork, as defined by section ——, for assessment of taxes, Vol. 1, R. S. 1852; that, on the 1st day of April, 1871, the proper assessor of taxes called upon the said John S. Brown, one of said firm, and demanded of him a statement of the manufactured products of the firm on hands, unsold on the 1st day of January, 1871, which the said assessor wanted for the purpose of taxation; that the said Brown then and there, but under protest, on the ground that such a statement, if rendered, would be illegal for purposes of taxation, rendered the statement as demanded, in words and figures following, to wit:

"Barrels of pork and value .       .       .       295—$2,950
"Pounds of lard and value .     .       .       22,500— 1,800
"Pounds of bacon, bulk material, value . 256,800—12,840

                                                $17,590

"Which statement was, by the said assessor, duly returned to the auditor of the county, by whom it was placed on the tax duplicate, assessed to the amount of $222. And plaintiffs aver, that the said assessment for

taxation was the only one upon the said duplicate against the said firm prior to, and at the time of, said commencement of this proceeding, and that there was no other tax of any kind upon said duplicate against the said firm, due or otherwise. And plaintiffs say they refused to pay the said tax, as they might do, for the reason that the assessment was invalid and void, and of no effect in law; that the said assessment was so invalid, for the reason that the plaintiffs being manufacturers as aforesaid, and the property assessed being goods manufactured by them and remaining on hand and unsold by them on the said 1st day of January, 1871, a wrong value of the said property was taken for the purpose of said taxation; that the value actually taken was the market price of the said property on the said 1st day of January; whereas the criterion of value, for the said purpose, that should have been taken, was the cost of the materials entering into their combination, and of which they were made, with the cost of the material used and consumed in the process of their manufacture. And plaintiffs further say, that the said assessment was invalid, void and of no effect, for the further and other reason that it was made upon the market value in full of said property, manufactured and held as aforesaid, when it should have been upon a statement of the average value of the several articles purchased by the plaintiffs, and held by them for the purpose of being used, in whole or in part, in the process and operation of manufacturing. And plaintiffs further say, that said assessment was invalid, void and of no effect in law, for the further and other reason that it was upon the manufactured products on hand and unsold on the 1st day of January, 1871, when it should have been upon the average value of the articles purchased, etc., for the purpose of said manufacture, from time to time, on hand during the year next previous to the time of making the statement, that is to say, during the year ending with the 31st day of December, 1870. And plaintiffs say, that the defend-

ant, by Horace P. Ensminger, his deputy, has demanded payment of said $222, together with the costs and penalty thereon, amounting in all to $324.03, and, to satisfy the said sum, has levied upon two hundred hams, property of said plaintiffs, and advertised them for sale on Saturday, August 7th, 1870, and will certainly sell the same, to the great and irreparable injury of the plaintiffs, unless enless enjoined from the same.

" Wherefore plaintiffs say, that, by reason of the levy and advertisement aforesaid, an emergency exists for the issuance of a restraining order, and they accordingly ask for a temporary restraining order against the defendant, until this case can be finally heard, and that upon final hearing said defendant be forever restrained and enjoined from the sale of said property and the collection of said taxes, penalties and costs, and for all other proper relief in the premises."

The tax complained of was assessed under sec. 27, 1 G. & H., p. 75, then in force. The section has been essentially reenacted in sec. 90, 1 R. S. 1876, p. 95; but this case must be governed by the former section.

Whether there may not be some irregularity in the method of assessment of the taxes, as alleged in the complaint, we need not enquire. A mere irregularity, when the whole amount of the tax is not illegal, will not entitle the tax-payer to an injunction. In this case there is some amount of taxes due; and, in such cases, the amount due must be paid or tendered before the commencement of the suit. The complaint does not aver that the tax duplicate is in the hands of the treasurer, without which, having no power to make the levy, the act of levying would be a mere trespass, which can not be enjoined, because the remedy is complete in an action at law. *Roseberry* v. *Huff*, 27 Ind. 12; *Board of Comm'rs, etc.,* v. *Elston,* 32 Ind. 27; *Pugh* v. *Irish,* 43 Ind. 415; *The City of Aurora* v. *Lamar, post,* p. 400.

The judgment is affirmed, with costs.