The City of South Bend *et al. v.* The University of Notre Dame Du Lac.

———————————

### THE CITY OF SOUTH BEND 'ET AL. *v.* THE UNIVERSITY OF NOTRE DAME DU LAC.

TAXES.—*Cities and Towns.—Exemption of Lands from Taxation.—Common School Tax.—Statute Construed.*—A tax levied by the school trustees of a town or city, for school purposes, is not a tax for "general city or town purposes," within the meaning of section 1 of the act of March 13th, 1877, Acts 1877, Spec. Sess., p. 74, "exempting certain lands ❋ from taxation for general city or town purposes."

SAME.—*Injunction.—Payment.—Tender.*—If part of a tax assessed in such case be legal, that part must be duly paid or tendered before an action enjoining the residue can be maintained.

From the St. Joseph Circuit Court.

*L. Hubbard*, for appellants.

*T. S. Stanfield*, for appellee.

HOWK, C. J.—In this action the appellee sued the appellants, to obtain the cancellation, by the judgment of the court, of a certain assessment of taxes for municipal purposes on certain lands owned and used by the appellee solely for agricultural purposes. To the appellee's complaint the appellants jointly demurred, for the alleged insufficiency of the facts therein to constitute a cause of action, which demurrer was overruled by the court, and to this ruling they excepted. They then jointly answered by a general denial of the complaint.

The issues joined were tried by the court, and, at the appellants' request, the court made in writing a special finding of the facts and of its conclusions of law thereon, to which conclusions of law the appellants "at the time objected and excepted." The court rendered judgment upon and in accordance with its conclusions of law; and from this judgment this appeal is prosecuted.

The following alleged errors have been assigned by the appellants jointly, in this court:

1. The circuit court erred in overruling their demurrer to the complaint;

2. The court erred in its conclusions of law upon its special finding of facts.

These two alleged errors may properly be considered together. In its special finding of facts, the court found substantially the same facts which were alleged by the appellee, in its complaint, as its cause of action. If, therefore, the court erred in its conclusions of law upon the facts specially found, it would be certain, we think, that the court also erred in overruling the appellants' demurrer to the appellee's complaint; and, if the court did not err in overruling the demurrer to the complaint, it would seem to be clear, that the court committed no error in its conclusions of law upon its special finding of facts. With this view of the errors assigned, and of the questions for decision arising thereunder, we will consider those questions as the same are presented in and by the special finding of facts, and the conclusions of law thereon. To this end, we will set out, in this connection, the court's special finding of facts, in substance, as follows:

"The court now finds the facts to be as follows: That the plaintiff has been, for more than five years last past, and now is, the owner in fee of the following described lands, to wit: Seventy-seven acres off of the north side of the north-west quarter of section one (1), township thirty-seven (37) north, range two (2) east, lying within the

City of South Bend, in St. Joseph county, Indiana, which tract of land has never been platted as city or town property, and has always been used, and is now used, solely for agricultural purposes, and is wholly unimproved, and has never been in any way dedicated for corporation purposes; and the said city did, in and for the year 1877, value said land for city taxation for that year for the sum of $4,000, and did, on the——day of————, 1877, levy the following tax on said property, to wit, one dollar on the $100 valuation, for general corporation purposes; that said city has caused said land to be listed upon the city tax-duplicate for the year 1877, and made the assessment above mentioned, and has placed said duplicate in the hands of said defendant Rush, as treasurer of said city, and said Rush threatens to collect said tax by distress and sale of plaintiff's property; that said city is situate in Portage township, in said county, and, if the lands above described were not in said city, they would be in said township; that the tax levied in said township, for the year 1877, for township purposes, is the sum of thirty-one cents on the $100 of valuation; that the board of school trustees of said city for the year 1877 levied a tax of nine cents on the $100.00 valuation, which the plaintiff has paid into the county treasury; that the plaintiff has tendered to the defendant Rush eight dollars and eighty cents, and he refused to receive the same, and the same is paid into court.

" The court therefore finds, as a conclusion of law, that said land is liable to be taxed by said city for the year aforesaid, at the sum of $8.80 only, and that all in excess of said amount ought to be cancelled."

It is manifest, we think, that the appellee's suit was brought under, and the court's decision thereof was intended to be made in accordance with, the provisions of section 1 of " An act exempting certain lands therein described from taxation for general city, or town purposes,"

approved March 13th, 1877. In this section 1, omitting the enacting clause, it is provided as follows:

" That lands, not platted as city or town property, used solely for agricultural purposes, or [which?] are wholly unimproved and lying within the limits of any city or town of this State, when such lands have not been in any way dedicated for corporation purposes, shall not be listed or taxed for general city or town purposes, to any greater percentage on the appraised value than lands in the townships outside of the corporation are taxed for township purposes." Acts 1877, Spec. Sess., p. 74.

By force of a section declaring an emergency, the above entitled act took effect and became a law from and after its passage.

It will be readily seen, we think, that the facts specially found by the court, in this cause, in so far as the appellee's lands are concerned, bring the case squarely within the express terms of said section 1, above quoted, of the statute. The court found, as facts, that the appellee had paid and tendered to the proper officers the precise percentage on the appraised value of its lands, of the taxes levied thereon by reason of the fact that its lands were within the corporate limits of the City of South Bend, which the other lands in Portage township, outside of said city, were taxed at for township purposes, if it could be correctly said that the tax of nine cents on the one hundred dollars valuation, levied by the trustees of the School City of South Bend, for the year 1877, was a tax for " general city purposes," within the meaning of that expression, as the same is used in said section 1, above quoted, of the statute. Here, however, as it seems to us, lies the difficulty in the appellee's case, as stated in its complaint and as found by the court in its special finding of the facts. The school tax referred to was not, in our opinion, a tax for general city purposes, within the meaning of the law.

We do not doubt or question the constitutionality or validity of the above entitled act. *Hamilton* v. *The City of Fort Wayne*, 40 Ind. 491.

Exemption from taxation, however, should be strictly construed, and restricted rather than enlarged. *The Common Council of Indianapolis* v. *McLean*, 8 Ind. 328; *Conklin* v. *The Town of Cambridge City*, 58 Ind. 130.

It is certainly not the province or duty of this court to enlarge, by construction, the provisions of the section above quoted, so as to include within its scope a tax not specified therein.

In this case, under the allegations of the complaint and the special finding of the court, the appellee's lands were liable to a tax for general city purposes, for the year 1877, amounting to the sum of twelve dollars and forty cents. The City of South Bend had assessed those lands with a tax of forty dollars, of which sum all in excess of twelve dollars and forty cents was levied in direct contravention of the statutory provisions above quoted, and was therefore illegal. The appellee could maintain an action to be relieved of this illegal tax, but not until payment or a tender of payment had been made of that amount of the tax which had been legally assessed. *Roseberry* v. *Huff*, 27 Ind. 12; *Board, etc., of Montgomery Co.* v. *Elston*, 32 Ind. 27; and *Brown* v. *Herron*, 59 Ind. 61.

In the case at bar, both the allegations of the complaint and the special finding of the court fail to show either payment or a tender of payment of the full amount of the tax which had been legally assessed against the appellee's lands within the City of South Bend, for "general city purposes." For this reason, we think that the court erred both in overruling the demurrer to the complaint and in its conclusion of law upon its special finding of facts.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the de-

murrer to the complaint, and for further proceedings not inconsistent with this opinion.