## Mullikin v. Reeves, Treasurer.

### No. 7666.

TAXES.—*Injunction.*—*Transfer of Real Estate for Taxation.*—*County Auditor.*—*Payment.*—*Tender.*—*Complaint.*—*Demurrer.*—A., being the owner of certain real estate, made a parol gift thereof to B., which gift was never confirmed by deed, though B. was in possession of the real estate at the time certain taxes accrued and were assessed thereon, under such parol gift. Afterward A. took back such real estate, and in lieu thereof gave B. other lands, and executed a deed to him therefor. The real estate first given was transferred to B. by the county auditor, and in his name assessed for taxation. Suit by A. to enjoin the collection, from him, of the taxes accrued and assessed against such land, and against B. personally, during the time of such parol gift.

*Held,* that the complaint setting forth such facts was insufficient on demurrer.

*Held,* also, that there can be no valid transfer of real property for taxation purposes except upon change of title, and the production of the evidence thereof to the proper county auditor, and, therefore, that such transfer was illegally made.

*Held,* also, that such real estate was improperly assessed in B.'s name, that A. was the legal owner thereof, and personally liable for the taxes assessed thereon.

*Held,* also, that, even though A. might not be liable for that portion of the taxes assessed against the property of B , yet he could not maintain such action until he had paid or tendered the amount assessed on such real estate, for which he was personally liable.

From the Monroe Circuit Court.

*J. W. Buskirk* and *H. C. Duncan,* for appellant.

*J. H. Louden* and *R. W. Miers,* for appellee.

Howk, J.—This was a suit by the appellant, against the appellee, as the treasurer of Monroe county, to perpetually enjoin him, as such treasurer, from collecting certain taxes assessed against one Uriah Mullikin, from the appellant, Thomas Mullikin.

The appellee's demurrer to the appellant's complaint, for the alleged insufficiency of the facts therein to constitute a cause of action, was sustained by the court. To this decision the appellant excepted, and, failing to amend or plead further, judgment was rendered against him for the appellee's costs.

The only question presented by the appellant, for the decision of this court, is this:

Does his complaint in this case state facts sufficient to constitute a cause of action, or to entitle him to the relief prayed for therein?

In his complaint, the appellant alleged, in substance, that he was the owner of real and personal property in said county, of the value of $20,000; that there were assessed against him and said property, in his name, taxes for the years 1876 and 1877, to the amount of $278.15, of which amount the sum of $103 was for State and county taxes, and the residue of $175.15 was for corporation tax; that the appellant obtained an injunction against the city of Bloomington, to which city said corporation tax was due, for the said tax for the year 1876, and, by an agreement with said city, the said corporation tax for the year 1877 was to abide the result of the said injunction suit, which was pending in the Supreme Court of Indiana; that the said taxes were regularly placed on the tax duplicate of said county for said years; that all said State and county

taxes, so assessed against the appellant's property, had been paid by him; that there were assessed against one Uriah Mullikin, and in his name, taxes for the years 1876 and 1877, on certain real and personal property in said county, and that said assessment against said Uriah Mullikin and said property were properly placed on the tax duplicates of said county, for the said years; that the said Uriah was, at the time the said taxes accrued and were assessed, in possession of said lands under a parol sale thereof to him; that the consideration for said sale was natural love and affection; that a deed was not made to said Uriah, and that afterward the appellant exchanged other lands for the lands so sold by parol, and made him a deed for said other lands, and became again the owner of said land; that there then remained due, on said taxes of said Uriah, the sum of $259.60; that the appellee, as treasurer of said county, had issued a writ of distress against the appellant, for the collection of said taxes against the said Uriah Mullikin; that the appellee had levied the said writ on personal property of the appellant, of the value of $1,000, and had advertised the same for sale to make said sum so assessed against said Uriah Mullikin; and that, unless restrained by the order of the court, the appellee would sell said property for the purpose aforesaid.　Wherefore, etc.

We are of the opinion, that the court committed no error in sustaining the appellee's demurrer to the appellant's complaint.　Its allegations are vague and uncertain, but, as we understand them, the case made thereby is simply this: The appellant, at a time not specified, made a parol gift of real estate not described, in Monroe county, to the said Uriah Mullikin, which gift he never confirmed by his deed to said Uriah; but the latter was in possession of said real estate at the time the said taxes thereon, for the years 1876 and 1877, accrued and were assessed, under said parol gift.　Afterward, at a time not

named, the appellant took back the said real estate, and in lieu thereof gave Uriah other lands, and made him a deed therefor.

In some manner not known to the law, and not mentioned in the complaint, the real estate first given appears to have been transferred to Uriah by the county auditor, and to have been assessed in his name for taxation purposes, during the years mentioned. This transfer of said real estate to said Uriah, for the purposes of taxation, it seems to us, was illegally made. The statutes of this State, as we construe them, clearly contemplate that there shall be no transfer of real property for the purposes of taxation, except upon a change of title and the production of the evidence thereof to the proper county auditor. 1 R. S. 1876, p. 760.

We think, therefore, that the real estate first given to Uriah was improperly assessed in his name, but that it ought to have been assessed, in the name of the appellant, with the taxes thereon for the years 1876 and 1877, notwithstanding his parol gift to Uriah of such real estate. In section 102 of the assessment law of December 21st, 1872, it is expressly provided, " That no assessment of real property shall be considered as illegal by reason of the same not being listed or assessed in the name of the owner or owners thereof." 1 R. S. 1876, p. 97.

It is clear, we think, that the appellant continued to be the legal owner of the real estate first given by parol to Uriah, during the years mentioned, notwithstanding such parol gift. In section 103 of said assessment law, it is provided, that " The owner of property on the 1st day of April in any year, shall be liable for the taxes of that year." 1 R. S. 1876, p. 98.

Under this provision of the statute, it seems clear to us, that the appellant, as the legal owner of the real estate first given to Uriah, during the said years, was personally liable

for the taxes assessed thereon in those years, although such real estate was then in the possession of Uriah, under said parol gift, and although the said taxes had been improperly assessed in Uriah's name, instead of in the appellant's name, as such owner. This personal liability of the appellant for the payment of said taxes subjected his personal property to seizure and sale by the appellee, as treasurer of the county.

But it is said, that the complaint states that said taxes were assessed, not only on said real estate, but also on the personal property of Uriah; and it is claimed that the appellant is not personally liable for the payment of the taxes assessed on said personal property. Possibly that may be true; but we need not, and do not decide so in this case. For, even if the appellant were not personally liable for the payment of that portion of said taxes, which was assessed on said personal property, it is clear that he can not maintain an action to enjoin the collection of the whole of said taxes. He should have paid or tendered, before the commencement of this suit, that portion of said taxes which was assessed on said real estate, and for which he is personally liable. As his complaint does not show any such payment or tender, it is bad on the demurrer thereto, even if he is not personally liable for the payment of that portion of said taxes assessed on said personal property. This point has often been decided in this court. *The Board, etc., of Montgomery County* v. *Elston,* 32 Ind. 27; *The City of Delphi* v. *Bowen,* 61 Ind. 29; and *The City of South Bend* v. *The University of Notre Dame Du Lac,* 69 Ind. 344.

The judgment is affirmed, at the costs of the appellant.