No. 8197.

STILZ ET AL. *v.* THE CITY OF INDIANAPOLIS ET AL.

TAXES.—*Assessment.*—The fact that real estate is assessed for taxation in the name of a person other than the owner, does not invalidate the assessment.

SAME.—*Cities and Towns.—Exemption of Property used for Agricultural Purposes.—Statute Construed.*—The act of March 13th, 1877, Acts 1877, Spec. Sess., p. 74, providing that city or town property used solely for agricultural purposes, etc., shall not be taxed for city or town purposes to any greater extent than lands in the township are taxed for township purposes, is not retrospective in its operation, and does not affect the assessment of such property for city purposes, previously made under existing statutes.

SAME.—*Injunction.*—An injunction will not be granted to enjoin the collection of taxes if any of the taxes assessed are valid and remain unpaid.

SAME.—*City.—Power to Assess Taxes for Payment of Interest.*—A city has power to tax all property within its limits subject to state and county taxation for the payment of interest upon its public debt, and property may be taxed for this purpose which has been annexed to the city after the creation of the debt.

From the Marion Circuit Court.

*C. H. Test, J. Coburn* and *E. Bassett,* for appellants.

*J. A. Henry,* for appellees.

NEWCOMB, C.—This was an action against the city of Indianapolis and the treasurer of said city, to enjoin a tax sale of real estate.

The first paragraph of the complaint alleged that the plaintiff Anna Maria Stilz was the owner for life, and the other plaintiffs, her children, owners in fee, of forty acres of land within the corporate limits of said city; that said lands had

not been platted nor dedicated in any way to corporate purposes, but were wholly used for agricultural purposes; that said lands were assessed for city taxation at $50,000, and that the city of Indianapolis had assessed and levied taxes thereon for the years 1876 and 1877, for general city purposes, aggregating, with penalties, interest and costs, the sum of $1,530.32; that said lands had been so assessed at a greater per cent. on their value than lands were taxed in the same township outside of said city for township purposes; that no lands in said township, outside of the city, had been taxed at a greater percentage on their appraised value than twenty cents on each one hundred dollars for the year 1876, and thirty-three cents on each one hundred dollars for the year 1877; that said lands were not liable for city taxes for the year 1876 greater than the sum of $120, which, with costs, interest and penalty, made a sum not exceeding $140, and for the year 1877 a sum not over $170, amounting in all to $310, which sum the plaintiffs were ready to pay, and then tendered the same in court. The complaint further denied the validity of the tax assessments of both years, on the ground that said land had been listed and assessed in the name of J. George Stilz, who was not the owner thereof, and had not been listed or assessed in the names of the plaintiffs. It was also averred that the plaintiffs had presented their petition and remonstrance to the common council of said city, and requested that said lands be taxed as provided for in the act approved March 13th, 1877; but the council refused to take any action on said petition, and had caused said lands to be advertised for sale by the treasurer of said city, as delinquent lands, to make the amount of said illegal taxes, penalties, interest and costs.

Prayer for an injunction to prevent and restrain the defendants from further proceeding to collect said taxes, or to sell said land for the payment thereof; that the defendants be required to accept the sum so tendered, or so much thereof as might be found due, in full payment and discharge of all taxes

due said city on said lands, for the years 1876 and 1877, and for all other proper relief.

The second paragraph stated that said lands were annexed to said city by an ordinance passed on the —— day of April, 1876, and against the consent and protest of the plaintiffs; that said lands then and still were used exclusively for agricultural purposes, and had not been platted into lots, etc.; that at the date of said annexation said city was indebted in the sum of $2,000,000, and that, of the city taxes assessed against said lands, $500 was levied and assessed for the purpose and with the intent to apply that sum towards the payment of principal and interest of said debt; that said indebtedness had been incurred before the annexation of plaintiffs' land, and that they had not and would not derive any benefit therefrom.

The prayer of this paragraph was, that an account might be taken of the indebtedness of said city, and the rate of interest thereon, for a discovery as to what portion of the taxes so assessed upon the land of the plaintiffs was assessed and levied to pay said debt and interest; that the defendants be forever enjoined from making any assessment or levy of a tax to be applied, in any form, manner or mode to the payment of any debt of said city existing at the time of the passage of said ordinance of annexation.

On the filing of the complaint, a restraining order was granted against the threatened sale. Subsequently, the defendants appeared and filed separate demurrers to each paragraph of the complaint. The demurrers were sustained, the restraining order dissolved, and final judgment was rendered on the demurrers against the plaintiffs.

The first paragraph alleges two grounds against the validity of the taxes in question: First, that the land was listed and assessed in the name of a person who was not the owner; secondly, that the land was liable to be taxed as agricultural lands only, for both the years 1876 and 1877.

On the first point we are referred to several decisions of the courts of sister states, sustaining the position of the plain-

tiffs ; but they are not authority with us on this question, for the reason that, under our statutes, an error of this sort is at most an irregularity, and does not vitiate the assessment. In section 102 of the tax law of December 21st, 1872, it is provided, "That no assessment of real property shall be considered as illegal by reason of the same not being listed or assessed in the name of the owner or owners thereof." 1 R. S. 1876, p. 97. And by section 230, p. 125, it is further provided, that "The sale of lands for taxes shall not be invalid, on account of such lands having been listed or charged on the duplicate in any other name than that of the rightful owner." These sections dispose of the first objection. See also *Mullikin* v. *Reeves*, 71 Ind. 281 ; *Noble* v. *City of Indianapolis*, 16 Ind. 506. Irregularities in the assessment, which do not render it illegal and void, are not sufficient to maintain an injunction. *City of Delphi* v. *Bowen*, 61 Ind. 29.

The act of 1872, from which we have quoted, was, by the act of March 11th, 1875, 1 R. S. 1876, p. 338, the law governing the assessment of city taxes in this case.

On the second proposition the argument of the plaintiffs is, that the act of March 13th, 1877, Acts 1877, Spec. Sess., p. 74, operated as a repeal of pre-existing statutes, by which all real estate within the city limits was taxed uniformly, and that although the taxes of 1876 were levied under the laws then in force, the effect of the act of 1877 was to reduce the taxes of 1876 to the rate per cent. prescribed thereby. In other words, that the act of 1877 was retroactive in its operation, and invalidated the taxes levied in 1876, except as to the percentage leviable for township purposes upon lands in the township and outside of the city.

We quote the first section of that act, which is the only one material to the question : *"Be it enacted* * * * That lands, not platted as city or town property, used solely for agricultural purposes, or are wholly unimproved, and lying within the limits of any city or town of this State, when such lands have not been in any way dedicated for corporation

purposes, shall not be listed or taxed for general city or town purposes, to any greater percentage on the appraised value than lands in the townships outside of the corporation are taxed for township purposes."

It is a rule of interpretation that statutes must be construed prospectively, unless they clearly import a different intention on the part of the Legislature. . *Aurora, etc., Turnpike Co.* v. *Holthouse,* 7 Ind. 59; *Hopkins* v. *Jones,* 22 Ind. 310; *Flinn* v. *Parsons,* 60 Ind. 573.

We fail to discover any intention on the part of the Legislature to make the act of 1877 retrospective in its operation. On the contrary we think the manifest intent was that it should be prospective. It provides that the class of lands named shall not be listed or assessed beyond a certain rate on their value. This was evidently intended as a rule for the future listing and assessment of such lands, and can not, without doing violence to the language used, be applied to past transactions, for as to them there was neither listing nor assessing to be done.

This act left unimpaired the legal machinery for the collection of taxes, and did not purport to, nor did it, in our opinion, disturb levies previously made in conformity to law.

It follows that the court correctly sustained the demurrer to the first paragraph of the complaint. The alleged tender was for too small a sum. No cause is shown in this paragraph why the whole of the taxes of 1876 should not have been paid, and the plaintiffs were not entitled to an injunction without a payment or tender of so much of the taxes as were shown to be due. *Roseberry* v. *Huff,* 27 Ind. 12; *Board of Commissioners, etc.,* v. *Elston,* 32 Ind. 27; *Brown* v. *Herron,* 59 Ind. 61; *City of South Bend* v. *The University of Notre Dame,* 69 Ind. 344.

Counsel for the appellants do not cite any authority in support of the theory of the second paragraph of the complaint, that annexed lands can not be taxed by the city to raise means for the payment of corporate debts existing at the date of the

annexation; and, in view of the statute regulating city taxation, the theory is untenable. Taxes can be levied by virtue of statutory authority, and not otherwise. The general power of the city to tax property is found in the 58th section of the act for the incorporation of cities, 1 R. S. 1876, p. 297, which declares that the common council shall have power to levy and cause to be assessed and collected in each year an *ad valorem* tax of not more than one per centum on *all* property subject to State and county taxation within such city; and that there may also be levied and collected annually an additional tax to pay the interest on the public debt owing by such city.

The only reasonable construction of the powers thus given is, that all property in the city, subject to State and county taxation, except where a different provision is made by statute, must be taxed at a uniform rate for general city purposes, and for the payment of interest on the public debt of the city. Where there is no specific provision in the statute for the payment of the principal of the debt, it is necessarily chargeable on the general revenue of the city.

The circuit court did not err in sustaining the demurrer to the second paragraph of the complaint, and its judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment below be and it is hereby in all things affirmed, at the costs of the appellants.

## ON PETITION FOR A REHEARING.

BEST, C.—The appellants file a petition for a rehearing, and in support of it insist, first, that the act of March 13th, 1877, mentioned in the principal opinion, repealed by implication the act of 1872, under which the taxes of 1876 were assessed; second, that the city has no power to assess any taxes upon the land in the complaint mentioned, to pay any portion of the debts of the city contracted before the appellants' land was annexed to the city; and, third, that the taxes

of 1877 were assessed in pursuance of the act of 1872, after the act of 1877 went into force.

We adhere to the decision of the first question as announced in the main opinion, and this conclusion necessarily determines the others against the appellants.    As the assessment of 1876 was, for aught that is averred, a valid assessment, and was not paid at the commencement of this suit, it follows that the appellants were not entitled to an injunction, though the city was not authorized to assess any taxes upon the land for the payment of debts incurred before the land was annexed, and though the taxes of 1877 were erroneously assessed.    *Brown* v. *Herron*, 59 Ind. 61; *City of South Bend* v. *University of Notre Dame*, 69 Ind. 344; *Mesker* v. *Koch*, 76 Ind. 68.

An injunction can not be granted if any of the taxes assessed are legal and remain unpaid.    The petition should be overruled.

PER CURIAM.—The petition is overruled.