F. F. L'ENGLE, APPELLANT, VS. FLORIDA CENTRAL AND WESTERN RAILROAD COMPANY, APPELLEE.

1. Neither section 63, chapter 1976, Laws of 1874, nor section 61, chapter 3099, Laws of 1879, restrict the defences that may be set up by a party in *actual possession* of the land sold against a recorded tax deed. The intent of said sections is to prohibit a *suit* by a *former owner* or *claimant* out of possession from recovering the property except upon the grounds mentioned in said sections.

2. Where a judgment of a Justice's Court is against the "Florida Central Railroad" and real estate belonging to the "Florida Central Railroad *Company*" is sold under an execution issued on said judgment, such sale is invalid to divest title of the "Florida Central Railroad Company" in the absence of proof showing that the last named Company was the real defendant meant in said judgment.

3. The rule, that a party sued by a wrong name failing to plead misnomer, is concluded by said judgment, and in all subsequent litigation may be connected with the judgment by proper averments and proof, applies also to corporations sued by a wrong name.

4. Under the revenue act of 1879, chapter 3099, a tax becomes a lien only after a proper and valid assessment.

5. An assessment of lands for taxes in the name of a person other than the owner, such person not being the occupant of such land, is void. Lands must be assessed to the owner or occupant or must be assessed as unknown.

Appeal from the Circuit Court for Duval county.

The facts of the case are stated in the opinion.

*Jno. T. & Geo. U. Walker* for Appellant.

*John A. Henderson* and *John E. Hartridge* for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court :

This was an action of ejectment by appellant for the "west half of water lot 38 in the city of Jacksonville." The plaintiff based his claim on a tax deed for taxes due for the year 1879. The tax was assessed on said lot to one Seymour. The title of Seymour was based on a judgment of one Pickett against the Florida Central Railroad. The referee to whom the case was referred by the court below made the following report of his findings and judgment, which was approved by the court.    *    *    *

"This cause having been submitted on the issues joined, the evidence and arguments of counsel.

"I find as matter of fact that the plaintiff holds and claims title under a tax deed from the State of Florida to him, dated June 7th, 1881, of the west half of water lot thirty-eight (38), of the city of Jacksonville, county of Duval, and State of Florida, being the property in controversy in this suit, which deed was in pursuance of a tax sale made June 7th, 1880, for unpaid taxes assessed to W. L. Seymour, for the year 1879. That the said property was conveyed by Mary J. Morris, administratrix of estate of Alexander Holmes, deceased, by deed, dated September 21st, 1868, and that the defendant corporation and its predecessor have been in possession of the same from the date of said deed to the present time.

"That James A. Pickett, Jr., being out of posssesion of said property and without a valid title shown in him, executed an instrument in the form of a mortgage of said

property to one Paran Moody, dated March 11th, 1874. That the same was assigned by said Moody to W. L. Seymour, and thereafter the same was foreclosed by decree of the Circuit Court for the Fourth Judicial Circuit in and for Duval county, in chancery, on suit of W. L. Seymour, against James A. Pickett, Jr., and under said decree the same was offered for sale, bid in by the said W. L. Seymour, and a deed of conveyance of the same was executed to him by J. W. Whitney, special master in chancery, appointed in and by said decree, which deed was dated Nov. 4th, 1878. That said Seymour was not in the possession or occupancy of said land in the year 1879. I find as matter of law that the property in controversy was subject to taxation for the year 1879. That at the time plaintiff's rights accrued to him under said tax deed, the act of 1874, of the State of Florida, chapter 1976, had been repealed, whereupon the defendant in attacking the tax title of the plaintiff is not restricted to proof that the property was not subject to taxation or that the taxes had been paid or the property redeemed. That the law under which said property was assessed for the year 1879, required that the same be assessed in the name of the owner or occupant. That the said James A. Pickett, Jr., being out of possession and without title to said property, it was not competent for him to execute a valid mortgage of the same; and that the said Seymour acquired no title to said property by the deed made by virtue of said foreclosure proceedings. That the said Seymour being neither the owner nor occupant of said land during 1879, the assessment of the same to him for that year was void and vitiated all the proceedings thereunder subject thereto, including the said tax sale, and the tax deed of the same to the plaintiff who took no title thereby, and is not entitled to recover the said property. I therefore find the defendant not guilty. It is

therefore considered and adjudged that the plaintiff is not entitled to the premises of the lands in controversy in the case, to wit: the west half of water lot (38) thirty-eight of the city of Jacksonville, Duval county, Florida, and that the defendant go hence without a day, and that the Florida Central and Western Railroad Company, the defendant, do have and recover of and from the plaintiff, Francis F. L'Engle, its costs in this behalf expended, taxed at —— dollars and —— cents."

The appellant appeals from said judgment and assigns errors:

1. The referee erred in the following finding of facts: (a.) That the defendant was in possession of the lot in suit from the 21st September, 1868, to the present time. (b.) That said James A. Pickett, Jr., was out of possession and without a valid title when he executed his mortgage. (c.) That W. L. Seymour was not in possession or occupancy of the lot in controversy in 1879, when it was assessed for taxation.

2. The referee erred in deciding as matter of law: (a.) That the appellee (defendant below) was not restricted to proof that the property was not subject to taxation or that the taxes had been paid or the property redeemed. (b.) That the assessment of the lot in controversy, under which the tax sale was had, was void. (c.) In excluding the docket entrees from the docket of Durkee, J. P. (d.) In excluding deed of Hogarth, constable, to Pickett. (e.) The referee erred in rendering judgment in favor of the defendant.

We think the evidence fully sustains the referee in all his findings of facts.

The appellant assigns as error, that the appellee was not restricted to proof that the property was not subject to taxation, or that the taxes had been paid or the property re-

deemed. Neither section 63, chapter 1976, Laws of 1874, nor section 61, chapter 3099, Laws of 1879, cover this case. This is not a suit by a *former owner or claimant.* Neither section has any allusion to a suit by any other person. Florida Savings Bank vs. Brittain, 20 Fla., 507. It is objected by counsel for appellee, that the judgment of the Justice's court in favor of Pickett is invalid on several grounds. One of these grounds is that it is rendered against the Florida Central Railroad, while the property which was sold under it belonged to the Florida Central Railroad *Company.* The doctrine is certainly settled that if a party defendant fails to plead a misnomer in abatement he " is concluded, and in all future litigation may he connected with the suit or judgment by *proper averments.*" Freeman on Judgments, 154. The same rule applies to corporations. See Lafayette Insurance Company vs. French, 18 Howard, 404.

Again, " when such averments are *made and proved* the party intended to be named in the judgment is affected as though he was properly named therein." Freeman on Judgments, 154, *supra.*

We cannot say that the "Florida Central Railroad" is the same party defendant as the "Florida Central Railroad *Company.*" We have no right to presume it. There is no proof whatever tending to show that the latter company was intended in the judgment. It was incumbent on the appellant to have shown it by proof. There was no error in the finding of the referee on this point. We do not decide here whether the judgment of Pickett vs. The Florida Central Railroad, was valid or invalid. We decide here simply that it is not good against the Florida Central Railroad Company without proof that said corporation was the party defendant in the suit in which such judgment was rendered, and was the corporation meant and intended

in such judgment. The referee was correct also in refusing to admit as evidence the deed of the constable, Hogarth, on a sale under this judgment without proof as above pointed out. The land in question was assessed to W. L. Seymour, for the taxes of 1879. Seymour is not shown to have had a title to the lands for the reason just given as to the judgment of Pickett, the said Seymour claiming title from a purchaser under said judgment. The counsel for the appellant says that it was not necessary to a legal sale that Seymour should have been the owner of the land at the time it was assessed to him. As the tax was a lien *in rem*, and also that the assessment of land to a person other than the owner does not invalidate the assessment. Counsel refers us to three cases in Indiana to sustain this proposition. Stets vs. Indianapolis, 81 Ind., 582; Mullikin vs. Reeves, 71 Ind., 281. Of these two cases it is sufficient to say that in section 102 of the assessment law of Dec. 21st, 1872, of the State of Indiana, it is expressly provided " that no assessment of real property shall be considered as illegal by reason of the same not being listed or assessed in the name of the owner or owners thereof." 1 R. S. Ind., 1876, p. 97. The other case relied on by counsel for appellant is Noble vs. Indianapolis, 16 Ind., 506. This case was decided in 1861, prior to the date of the last mentioned revised statutes, but the same provision was in force then. See R. S. sec. 174, p. 143.

The tax is a lien on the land *only when legally assessd.* " This lien attaches and has relation to the time at which the assessment was made." 18 Fla., 289, Spratt vs. Price. We hold that a valid assessment of the land in accordance with the laws regulating assessments, chapter 3099, Laws of Fla., Acts of 1879, is necessary and indispensable to make good the title of a purchaser at a tax sale; without such assessment no lien attaches to the land. An assess-

ment, therefore, of lands to a person other than the owner, such person not being the occupant thereof, is not a valid assessment, and the purchaser at a tax sale based on such assessment takes no title. L'Engle vs. Wilson and wife, present term.

There was no error in the judgment of the court affirming the findings of the referee, and the same is affirmed.