Filed April 17, 1888.

No. 14,148.

DAVIS, TREASURER, *v.* THE LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY COMPANY.

DRAINAGE.—*Cost of Repairing Drain.—Assessment by Surveyor.—Injunction. —Railroad.—Right to Locate Ditch Upon Right of Way.*—A railroad company which acquiesced in the location and construction of a public ditch upon its right of way, can not, in a suit by it to enjoin the collection of an assessment for the cost of repairing the ditch levied by the county surveyor under section 10 of the act of April 6th, 1885, raise the question as to whether the ditch could rightfully have been located upon its premises.

Davis, Treasurer, v. The Lake Shore and Michigan Southern Railway Co.

SAME.—*Irregularities.*— *Not Available in a Collateral Attack.*—Neither an irregularity in the assessment nor the failure of the surveyor to make out a certified copy of the assessment can be made available in a suit to enjoin its collection.

SAME.—*Notice.* — *Void Proceedings.*—The statute authorizing the county surveyor to levy assessments for the cost of repairing a public ditch requires that notice be given, and without notice his proceedings are void, and the collection of assessments may be enjoined.

SAME.—*Enjoining Collection of Assessment.*—*Parties.*—*County.*—*County Treasurer.*—The county is not a necessary party to a suit to enjoin the collection of an assessment levied by the surveyor in such cases, but the suit is properly maintainable against the county treasurer.

From the DeKalb Circuit Court.

*J. E. Rose* and *W. H. Dills*, for appellant.

*J. H. Baker*, *G. C. Greene* and *O. G. Getzen-Danner*, for appellee.

ELLIOTT, J.—The appellee's complaint seeks relief by injunction against an assessment for the cost of repairing a ditch levied by the county surveyor under the provisions of section 10 of the act of April 6th, 1885.

The constitutionality of that statute has been affirmed in several recent decisions, and we do not deem it necessary to again discuss that question. *Weaver* v. *Templin*, 113 Ind. 298; *Trimble* v. *McGee*, 112 Ind. 307; *Fries* v. *Brier*, 111 Ind. 65; *State, ex rel.*, v. *Johnson*, 105 Ind. 463; *Ingerman* v. *Noblesville Tp.*, 90 Ind. 393.

It is argued by the counsel for the appellee that the complaint is good, although section 10 of the act of 1885 is valid. We quote from their brief their statement of the points upon which they rely, and the parts of the complaint which they assume state the material facts constituting a cause of action entitling their client to the relief prayed.

"Without copying the complaint at large," say counsel, "we beg leave to state what we conceive to be the principal grounds on which its sufficiency is maintainable :

"1. The complaint shows that the ditch or drain which the surveyor sold the contract for cleaning out was wholly

on and within the railway's right of way; that it belonged to it and was its private property; that the company's right of way, including the ditch or drain, was occupied and used by it, and that the use and enjoyment of the whole right of way were necessary to it in the conduct of its business.

"This phase of the complaint goes on the theory that the Legislature can not grant, or rather has not attempted to grant, to the county surveyor the authority to invade the franchise and right of way dedicated to the railway company, and to deprive such company of the control and enjoyment of its right of way.

"2. The complaint further shows that the amount of $132.60 pretended to be assessed by the surveyor against the appellee for cleaning out the ditch was not apportioned and assessed upon the lands adjudged by the court benefited by the construction of the ditch in like proportion as benefits were assessed against the lands for the construction of the work. The complaint discloses that no benefits were assessed, but a given number of feet of said ditch were allotted to the appellee to construct by digging out the bottom of an old drain on the appellee's right of way. The surveyor pretended to fix the value of the work so allotted; and on the amount so arbitrarily fixed by him, and not on the amount of benefits adjudged by the court for the construction of the ditch, he pretended to make the assessment of $132.60 against the appellee for the cleaning out of the ditch on the company's right of way.

"3. The complaint shows that the surveyor never posted up any written or printed notices of his pretended assessment in any place or places in the township where the lands assessed were located; and that the surveyor never posted or gave any notice of his pretended assessment as required by law.

"4. The complaint also shows that the surveyor never made out any certified copy of the pretended assessment as made by him, nor did he ever file any such certified copy of the assessment with the auditor of the county in which said

Davis, Treasurer, *v.* The Lake Shore and Michigan Southern Railway Co.

proceedings were had ; but the assessment of $132.60, threatened to be collected by appellant by levy and sale of the appellee's property, was extended on the tax duplicate by the auditor without any warrant of law whatever.

" There are other grounds set forth in the complaint sufficient to constitute a cause of action which will not escape the attention of the court, but we shall content ourselves with a discussion of the four grounds above stated."

The first position assumed by counsel we regard as clearly untenable. . The ditch had been constructed, and, we must presume, rightfully constructed, so that the question is not as to the authority of the officer to enter upon the appellee's right of way for the purpose of constructing a ditch, but the question is as to the authority of the surveyor to collect an assessment for the repair of a ditch rightfully constructed. The original proceedings are not assailed, and we must assume that what was done was rightful and legal. If the ditch was constructed under due authority of law, then the appellee, like any other land-owner, must pay its proportion of the cost of maintaining the ditch. Whether the ditch could rightfully have been located upon the appellee's right of way was a question for the court in the original proceedings, and it can not be successfully made in a collateral attack upon an assessment levied for the cost of repairing it. The adjudged cases, indeed, establish the rule that a collateral attack upon an original assessment will be unavailing, and, surely, it must be so here, where the assault is upon an independent proceeding which proceeds upon the theory that the ditch was -lawfully established and constructed. We think it clear that, after this lapse of time, the appellee can not be allowed to impeach the right of the officers to locate and construct the ditch upon its property. *Muncey* v. *Joest,* 74 Ind. 409, and cases cited ; *Flora* v. *Cline,* 89 Ind. 208 ; *Peters* v. *Griffee,* 108 Ind. 121, and cases cited ; *Taber* v. *Ferguson,* 109 Ind. 227, 231 ; *Prezinger* v. *Harness, post,* p. 491 ; *Ross* v. *Stackhouse, ante,* p. 200.

It would be unjust to permit a property-owner, whatever the nature of his property, to stand by without objection and allow the construction of a ditch and subsequently either attack the validity of the proceedings or refuse to bear the share of the cost of maintaining it which the law allots to him.

The assumption in counsel's argument that the ditch repaired is a private one is not sustained by the record, for the complaint shows that the ditch was constructed under the law as a public ditch. It is averred that the petition for the ditch was presented to the board of commissioners in September, 1879; that viewers were appointed, reports made and approved, and that the estimated cost of the work allotted to the appellee amounted to the sum of two hundred and thirteen $\frac{75}{100}$ dollars. It is also averred that: "Such proceedings were had as that said drain was found to be of public utility and was established as above reported, and the costs of location were apportioned to the above named parties to whom the construction of the said ditch was allotted, which costs were paid by such parties, and the portions allotted to each of said parties were by them constructed in pursuance of the order of said board." It appears from the allegation we have copied from the complaint that the ditch was established as a public ditch in 1879, and that the appellee so recognized it by constructing the part allotted to it. It is, as we have said, too late for the appellee to impeach the proceedings in the original case, even if there was any ground authorizing a collateral attack.

The board of county commissioners had jurisdiction of the subject-matter and of the parties in the original proceedings, and its judgment, although it may be erroneous, is not void. *Coolman* v. *Fleming*, 82 Ind. 117; *Pickering* v. *State, etc.*, 106 Ind. 228, and cases cited; *Robinson* v. *Rippey*, 111 Ind. 112, 119.

As the judgment was not void, the acquiescence of the appellee creates a bar to a collateral attack; but even if there

had been no acquiescence the judgment could not be successfully impeached. We do not think, however, that as to the original proceedings any jurisdictional question is involved, for the law unquestionably confers jurisdiction over the subject-matter, and the only error committed, if there was any error at all, was in establishing a new ditch on the line of one existing on the appellee's property, an error, conceding it to be one, that does not affect the question of jurisdiction.

The second position of the appellee we regard as not maintainable. The irregularity in the assessment can not be made available in a collateral attack. *Trimble* v. *McGee, supra.*

The third position which counsel assume is based upon an allegation in the complaint which reads thus : " And the plaintiff says that the assessment is illegal and void because no notice was given of said pretended assessment by said surveyor by posting up written or printed notices thereof in three public places in the township of Wilmington, where the lands assessed are located, and near the work done, nor was any notice thereof given."

The statute requires notice, and without some notice the proceedings of the surveyor are void. Notice is an indispensable requisite to the validity of the proceedings of that officer. It may be that if there was some notice, although defective, the proceedings would be valid ; even that, however, is doubtful, for the surveyor is not a judicial officer. *Wilkins* v. *State,* 113 Ind. 514. We do not, however, decide that question, for the complaint avers that there was no notice. There is no necessity for citing authorities upon a question so well settled as the one under immediate discussion.

The fourth position of appellee's counsel can not be maintained. The failure of the surveyor to make out a certified copy of the assessment did not make his proceedings void. If not void, they can not be collaterally impeached.

We do not think that it was necessary to make the county

VOL. 114.—24

a defendant.   The case is not within the principle laid down in *Bittinger* v. *Bell*, 65 Ind. 445, for there the controversy concerned an entire township tax, levied for a specific purpose, while here the controversy relates to a single assessment against a single defendant.   We do not find any case expressly deciding the question, but we find at least one closely analogous case, that of *Wolfe* v. *State, ex rel.*, 90 Ind. 16, and, also, we find many cases where the practice adopted in this case is recognized as the correct one.   *Roseberry* v. *Huff*, 27 Ind. 12 ; *Whitney* v. *Ragsdale*, 33 Ind. 107 ; *Strader* v. *Manville*, 33 Ind. 111 ;   *Pugh* v. *Irish*, 43 Ind. 415 ;   *Abbott* v. *Edgerton*, 53 Ind. 196 ;   *Brown* v. *Herron*, 59 Ind. 61 ;   *Herron* v. *Keeran*, 59 Ind. 472 ; *Mullikin* v. *Reeves*, 71 Ind. 281 ; *Miles* v. *Ray*, 100 Ind. 166 ;   *Lang* v. *Clapp*, 103 Ind. 17 ; *Williams* v. *Segur*, 106 Ind. 368 ;   *Vandercook* v. *Williams*, 106 Ind. 345 ;   *Wasson* v. *First National Bank*, 107 Ind. 206.

There seems to be no good reason for departing from this practice, for the treasurer is a sworn officer, charged with the duty of representing the county in collecting assessments in such cases as this, and he, more appropriately than any other officer, can defend and protect the interests of the county. To require other officers to defend would increase costs without benefit to the public.

For the reason that the complaint avers that the surveyor did not give notice of the assessment, we hold the complaint to be good.

Judgment affirmed.

Filed April 14, 1888.