## CLAY, TREASURER, *v.* WROUGHT IRON RANGE COMPANY.

[No. 6,360. Filed June 23, 1908.]

1. INJUNCTION. — *Taxation.* — *License.—Transient Merchants.*—Injunction does not lie to restrain the collection of taxes where part of the amount is justly owing; and where the plaintiff's property was assessed for a license fee as a transient merchant, his property cannot be sold for another purpose. p. 148.

2. LICENSES.—*Transient Merchants.*—Under §8235 Burns 1908, Acts 1901, p. 466, §1, it is unlawful for a transient merchant to transact business without a license so to do. p. 148.

3. WORDS AND PHRASES.—*"Transient Merchants."*—A "transient merchant" is an individual, partnership or corporation that en-

gages, for a definite and limited time, and at a fixed place, in the exhibition and sale of goods. p. 149.

4. LICENSES.—*Transient Merchants.*—A company which rents a room for the storage of its stoves and which sells such stoves only by peddling them is not a transient merchant. p. 150.

5. HAWKERS AND PEDDLERS.—*Licenses.*—*Transient Merchants*—A peddler cannot be compelled to pay a license assessed against him as a transient merchant. p. 150.

6. TAXATION.—*Licenses.*—*Burden of Proof.*—The burden of proving that a transient merchant's license fee was properly chargeable to the plaintiff is upon the officers assessing such tax. p. 150.

From Hendricks Circuit Court; *Thomas J. Cofer,* Judge.

Suit by the Wrought Iron Range Company against James A. Clay, as County. Treasurer of Hendricks County. From a decree for plaintiff, defendant appeals. *Affirmed.*

*George W. Brill* and *George C. Harvey,* for appellant.
*John G. Williams,* for appellee.

COMSTOCK, J.—In February, 1906, taxes to the amount of $146.10 were assessed in Hendricks county against certain wrought iron ranges, teams and wagons belonging to appellee, and placed for collection on the duplicate in the hands of appellant as treasurer of Hendricks county. At the same time the county auditor placed on the duplicate an assessment of $471.10 claimed to be due from appellee as a license fee for doing business in Hendricks county, as a transient merchant. On the same day appellant as county treasurer demanded payment of these taxes and the license fee, and the same not being paid, he placed the amount thereof on the delinquent tax register of the county as delinquent taxes, and then levied upon forty-four of the wrought iron ranges and two of the mules belonging to appellee, for the purpose of enforcing payment of the taxes and license fee. After this levy was made appellee paid to appellant $155.40 in full satisfaction of the taxes, costs and penalties, and demanded surrender of its property and the release of the levy made thereon, but appellant refused

to. comply with this demand. and threatened to sell the property for the purpose of paying the license fee and penalty. Thereupon, to restrain him from doing this, a temporary injunction was granted, and upon final hearing the court below made a special finding of facts with its conclusions of law thereon. The material facts specially found are substantially as averred in the complaint, and are as follows: The business of appellee was the manufacture and sale throughout the United States of wrought iron cooking. ranges, and its manufacturing establishment was located in St. Louis, Missouri. In January, 1906, appellee shipped to itself, in care of its agents and employes at Danville, Hendricks county, Indiana, a lot of ranges manufactured by it in St. Louis, for the purpose of selling them through its agents to the inhabitants of Hendricks county. These ranges were stored in a business room on West Main street, in Danville. For the purpose of canvassing Hendricks county for the sale of ranges, appellee had at Danville seven teams and wagons for the use of its employes and agents in hauling the ranges throughout the county for the purpose of exhibiting them for sale, and for the purpose of selling them out of the wagons and delivering them to the inhabitants of the county when sales were made. Between January 20, 1906, and March 17, 1906, appellee's agents canvassed the inhabitants of Hendricks county for the sale of ranges which they hauled throughout the county, and of which they sold large numbers from the wagons to the citizens of that county. None of the ranges was at any time sold or offered for sale while in the storeroom, and none of them was exhibited for sale except from the wagons. The doors of the storeroom were frequently left open and citizens of Danville and of Hendricks county went into the room unmolested and examined the stoves. No part of any license fee covering the period appellee transacted business in Hendricks county was ever paid by appellee to the officers of Hendricks county.

As conclusions of law the court stated: (1) The plaintiff is not a transient merchant and not liable for the license fee and penalty assessed against it as such; (2) the plaintiff is entitled to a perpetual injunction restraining the defendant from selling the property levied upon as described in the finding; (3) the plaintiff is entitled to recover its costs in this cause.

To each of said conclusions of law the defendant at the time duly excepted. That the court erred in its conclusions of law and each of them, and in overruling defendant's demurrer to the complaint, are assigned as error.

Upon the sufficiency of the complaint it is said, citing *Stilz* v. *City of Indianapolis* (1882), 81 Ind. 582: "If any amount was due from appellee for taxes or license fees, then the complaint was bad, and the demurrer thereto should have been sustained and the cause should be reversed for erroneous conclusions of law." The case referred to holds, and the law is well settled, that an injunction will not be granted to restrain the collection of taxes, if any of the taxes assessed are valid and remain unpaid. The charge upon the tax duplicate was for $325 claimed to be due from plaintiff as a transient merchant. The goods could be held and sold only upon the claim for which they were assessed, and if plaintiff was not indebted thereon appellant had no right to retain possession. The principle declared in *Stilz* v. *City of Indianapolis, supra,* does not apply.

Did the facts shown by the findings justify the first conclusion of law? If they did, it must follow that the second and third are also correct. The act of March 11, 1901 (Acts 1901, p. 466, §§8235-8243 Burns 1908), prohibits the transaction of business by any transient merchant without license. Section one of said act declares that "it shall be unlawful for any transient merchant to engage in, do or transact any business as such, without having first obtained a license," as required by the statute.

Section two prescribes the mode of application for the license, the fees to be paid for, and the mode of issuing, the same. The application is required to be filed with the auditor of the county in which it is desired to do business, stating the applicant's name, the place of business, the kind of business to be conducted, and the length of time for which he desires to do business. Section eight exempts from the operation of the statute commercial travelers, sales by samples for future delivery, hawkers and peddlers, sheriffs, constables and other public officers selling goods according to law, and assignees and receivers appointed in this State.

Section 8240, *supra,* is in the following language: "The words 'transient merchant,' when used in this act shall include all persons, individuals, copartners and corporations, both of principals and agents, who engage in, do or transact any temporary and transient business in this State, either in one locality or in traveling from place to place in this State, selling goods, wares and merchandise, and who, for the purpose of carrying on such business, hire, lease or occupy any building or structure for the exhibition and sale of such goods, wares and merchandise."

The statute manifestly contemplates that the transient merchant is one who for a definite and limited time, at a fixed place, engages in the exhibition and sale of goods, wares and merchandise. Thus in *Levy* v. *State* (1903), 161 Ind. 251, the appellant, a resident of Ft. Wayne, where he carried on a general clothing business, rented a room in Churubusco, White county, a town of 1,200 inhabitants, put no furniture in the room, but placed therein a stock of clothing and notions, exhibited and sold the same without applying for a license, was held to be a transient merchant. So in *Simoyan* v. *Rohan* (1903), 36 Ind. App. 495, appellant was a resident of the state of New York and engaged in the sale of oriental rugs in various cities and states,

which sales usually continued in each city from one to two weeks.    For the purpose of said sale it had been his custom to travel from city to city selling the rugs, and in each city to keep a storeroom for such purpose.    To evade the payment of a license he arranged with a resident merchant of Ft. Wayne, Indiana, to advertise his rugs in such manner as to lead the public to believe that the sale was by such resident merchant, when, in fact, he was receiving a commission only.    He was held to be a transient merchant within the meaning of the statute.

Under the definitions and upon the facts found appellee was not a transient merchant.    But appellant claims that appellee was "a peddler from wagons," and that by simply paying taxes on the property assessed it did not acquire the right to peddle goods from house to house without the payment of the license fee fixed by law.

The question of a peddler's license is not presented by the record.    The property, as hereinbefore stated, was held to satisfy the amount claimed to be due as a transient merchant, not as a peddler.    Appellee paid all the taxes charged against him.    The question at issue was the charge for a license as a transient merchant.

The act of 1901 (Acts 1901, p. 560, §3, §8246 Burns 1908) provides that any person may obtain a peddler's wagon license authorizing him to peddle manufactured goods, wares or merchandise from a wagon or other vehicle anywhere in the State for a period of one year from the date of such license upon payment to any county auditor in the State of a license fee of $50.    So that under the statute the license is to be issued by the auditor, and the money therefor paid to him.    There is no claim or pretense that the treasurer was attempting to levy on the property in question for the purpose of collecting a peddler's license.    There is nothing in the record to show that appellee had not taken out a peddler's license, and,

if appellant's claim was based upon any other charge than that for which the assessment was made, the burden was upon appellant to establish it.

Judgment affirmed.

Roby, J., absent.