Filed Dec. 15, 1885.

---

No. 11,966.

## READ v. YEAGER, AUDITOR, ET AL.

**TAXES.**—*Repair of Free Turnpikes.*—*City of Evansville.*—*Exemption in Charter from Road Tax.*—Clause 39 of section 30 of the city charter of Evansville (Local L. 1847, p. 3), which provides that no property within said city shall be taxed for the purpose of making or repairing any road outside the city limits, gives an exemption only from the ordinary road tax, and not from a tax levied for the purpose of keeping free turnpikes in repair, as the latter class of roads was not contemplated at the time of the enactment of such charter.

From the Vanderburgh Superior Court.

*J. E. Williamson*, for appellant.

*W. F. Smith*, for appellees.

Howk, J.—In this case the only question for our decision may be thus stated: Did the court below err in sustaining the separate demurrers of the appellees to the appellant's complaint, for the want of sufficient facts therein to constitute a cause of action?

In his complaint the appellant, Read, alleged that appellee Yeager was the auditor of Vanderburgh county, and the appellees Barker, Bauer and Mesker were the board of commissioners and *ex officio* turnpike directors of the free turnpikes of said county, of which turnpikes there were claimed

to be seventy miles, more or less, in such county, which turnpikes had been wholly constructed along and upon the ordinary State and county highways of the county by the county board during the last six years ; that the county board, without authority of law, entered upon said highways and gravelled the same, and paid therefor out of the county treasury, without any part of the costs against any property along any of such highways ; that there was not a single gravel road or turnpike in said county that had not been so made, and wholly paid for out of the ordinary public funds of the county, in cash, upon warrants drawn upon the county treasury in the ordinary way by the county auditor; that no vote of the taxpayers, or any other act of any person or persons, was ever had or done, by virtue of which the county commissioners entered upon and gravelled the aforesaid highways; that the county commissioners never claimed to act by authority of any law, but well knew, during the gravelling of such highways, that their acts were unauthorized by law and void; that their proceedings, in gravelling highways and paying therefor as aforesaid, became so burdensome to the taxpayers of the county that such commissioners were finally enjoined from proceeding further in that behalf, at the suit of such taxpayers, and had since desisted from imposing any further taxes in that behalf.

And the appellant further alleged that he resided within the corporate limits of the city of Evansville, and owned property, real and personal, within such city, but did not own any property outside of such city limits; that all of his property was subject to municipal taxation, and to taxation for ordinary State and county purposes; that the appellees had combined and confederated together for the purpose of imposing illegally a tax of $30,000 upon the taxpayers of the county, and the appellee Yeager, as county auditor, had entered in the order-book of the board of county commissioners a certain false and illegal entry, a true copy of which was therewith filed as a part thereof; and the appellant charged

that the appellees Barker, Bauer and Mesker, by virtue of
their offices as directors of the free turnpikes of the county,
never at any time made any certificate of any kind, on or be-
fore or subsequent to the first Monday in June, 1883, to the
appellee Yeager, as such auditor, or otherwise, showing "the
amount of money necessary for the purpose of keeping such
free gravel roads in repair;" that, assuming it to be a fact
that the aforesaid highways were free turnpike roads within
the meaning of the statute concerning the same, the appel-
lant charged that the county board, ex officio directors of such
free turnpikes, wholly failed and neglected to make the cer-
tificate required by section 5104, R. S. 1881; that appellee
Yeager, acting by virtue of such illegal and false entry, was
proceeding to make a levy upon all the property of all
the taxpayers of the county, and was then engaged in extend-
ing upon the tax duplicate of the county the aforesaid sum
of $30,000, and the other appellees were aiding him in so
doing.

And the appellant averred that the appellees would, if not
restrained by the order of the court, proceed with their illegal
acts as aforesaid, and assess against him, as well as against all
other taxpayers of the county, a certain portion of the afore-
said $30,000, upon the tax duplicate of the county; and that,
should this be done, a lien would thereby appear to be created
against appellant's real estate to the extent of the tax so
charged against him, which would be a cloud upon the title
to all his real estate, and greatly and irreparably injure him
in its use and enjoyment. Appellant averred that the afore-
said highways were not such free turnpike roads as are con-
templated by the statute, and that the appellees had no au-
thority to impose any tax, as they were seeking to do, for the
purpose of keeping the same in repair, upon any property
whatever; that if such highways did fall within the meaning
of such statute, the directors having failed to make the cer-
tificate required by such section 5104, all action by the audi-
tor in levying a tax for the purpose of repairs was utterly

void; that, at all events, the property of residents, situate within the corporate limits of the city of Evansville, was not subject to taxation for the purpose of keeping such roads in repair; that there was no tax due from appellant to the county of Vanderburgh, or the State of Indiana, for any purpose whatever; and that, if such asssessment be made, appellant would suffer great and irreparable loss and damage, which he was powerless to prevent, unless the court would enjoin the appellees from making such levy and extending such assessment upon the tax duplicate.   Wherefore, etc.

The certificate mentioned in appellant's complaint, whereof a copy was therewith filed, was in the words and figures following, to wit :

"*Room of Board of Turnpike Directors, Evansville, Ind.*, June 2d, 1883.

"A certificate required by section 1 of an act entitled 'An act to provide for the repair of free turnpike roads in the various counties of Indiana, and constituting the board of commissioners of any county in this State a board of directors of such roads,' approved March 24th, 1879, being section 5104, R. S. 1881, as such section is amended by an act approved March 6th, 1883.

" Now comes the board of turnpike directors of Vanderburgh county, and, after having duly deliberated as to the amount of money necessary for the purpose of keeping the free turnpike roads of said county in repair, now here find, declare and determine that the sum of thirty thousand dollars will be so required; and the board of turnpike directors, in compliance with the statute, in such case made and provided, and with said section 1 of the act of March 24th, 1879, and of said act as amended April 13th, 1881, and March 6th, 1883, do now hereby certify to Charles F. Yeager, auditor of Vanderburgh county, that the sum of thirty thousand dollars will be and is necessary for the purpose of keeping the free turnpike roads of said county in good repair."

The city of Evansville is incorporated as such city under

an act of the General Assembly of this State, entitled "An act granting to the citizens of the town of Evansville, in the county of Vanderburgh, a city charter," approved January 27th, 1847. Local Laws of 1847, p. 3. Appellant alleged in his complaint that he resided within the corporate limits of such city of Evansville, and that all his property real and personal, for the purposes of taxation, was located and had its situs within such city limits. In discussing the sufficiency of his complaint, it is first insisted on behalf of appellant by his counsel, " that, under the charter of the city of Evansville, no property within its limits can be taxed for road purposes." This contention is founded on the *thirty-ninth* clause or paragraph of section 30 of the law under which the city of Evansville is incorporated, wherein it is provided that "no person residing in said city shall be compelled or required to work on any road without the city, nor shall any property lying or being within the city be taxed for the purpose of making, opening, improving, or repairing any road * * * without the limits of said city."

When the charter of the city of Evansville was enacted and became a law, nearly forty years ago, the fundamental law of this State was the Constitution of 1816. It may be conceded that, under that Constitution, the exemption of property within such city from taxation for the purpose of making, opening, improving or repairing roads, without the limits of such city, as provided in its charter, is constitutional and valid legislation. It is manifest, however, from the provision we have quoted from the 39th clause of section 30 of such city charter, that the exemption from taxation therein provided for is an exemption only from the ordinary road tax, which the township trustee, with the concurrence of the board of commissioners of his county, under section 5066 now in force, is authorized to assess, and which has been authorized by previous legislation for more than thirty years. Exemptions from taxation are not and ought not to be especially favored by the courts; on the contrary,

they are to be strictly construed. *Common Council, etc.*, v. *McLean*, 8 Ind. 328; *Trustees, etc.*, v. *Ellis*, 38 Ind. 3; *Conklin* v. *Town of Cambridge City*, 58 Ind. 130; *City of South Bend* v. *University, etc.*, 69 Ind. 344; *State, ex rel.*, v. *City of Indianapolis*, 69 Ind. 375 (35 Am. R. 223); *Warner* v. *Curran*, 75 Ind. 309.

. Within the last ten years the Legislature has provided for the construction of free turnpikes, and has fostered and encouraged their construction and repair by wise and liberal legislation. This class of roads, free turnpikes, was unknown in this State, and was not contemplated by the General Assembly, we think, when, in 1847, the law was enacted which constitutes the charter of the city of Evansville. We can not extend, by construction, the exemption from taxation above quoted, in the 39th clause of section 30 of such city charter, so as to include therein free turnpikes, a class of roads not then contemplated. In *City of South Bend* v. *University, etc., supra*, the court said: "Exemption from taxation, however, should be strictly construed, and restricted rather than enlarged." In section 5105, R. S. 1881, it is provided in effect that the tax, for the purpose of keeping free turnpikes in good repair, shall be levied "upon all taxable property of the county." Taxable property of the appellant, within the city of Evansville, is certainly taxable property of Vanderburgh county. Notwithstanding the exemption from taxation for outside roads, of property within the city of Evansville, contained in its charter, we are of opinion that appellant's property, within such city, is lawfully subject to taxation for the repair of free turnpikes, without the city limits.

This is the controlling question in the case in hand, although some other points are discussed by counsel on both sides. It is not necessary that we should hold, and we do not hold, that the 39th clause of section 30 of the charter of the city of Evansville is repealed by any later legislation. Nor do we decide in this case, that the clause of the charter un-

der consideration is not repealed by later laws; but, on this point, we cite *Eichels* v. *Evansville St. R. W. Co.*, 78 Ind. 261 (41 Am. R. 566), and authorities there cited. We simply decide here and now, that the exemption of city property from taxation for outside roads, as provided in such city charter, can not be so extended by construction as to exempt such property, also, from taxation for the repair of outside free turnpikes, a class of roads not contemplated at the time of the enactment of such city charter. It is said that the certificate of the board of directors of free turnpikes of Vanderburgh county, whereof a copy is filed with and made part of the complaint, is " illegal and false." This charge is merely the pleader's conclusion from facts which are not apparent and are not stated; and, in such case, it is a mistake to say that the demurrer admits the truth of the charge. A demurrer admits the truth of facts when well pleaded, but does not admit the truth of adjectives or epithets. What facts rendered such certificate illegal are nowhere stated, nor is it shown wherein the certificate was false.

The court committed no error, as it seems to us, in sustaining appellees' demurrers to the appellant's complaint.

The judgment is affirmed, with costs.

Filed Dec. 15, 1885.