No. 13,293.

THE BOARD OF COMMISSIONERS OF WELLS COUNTY *v.*
DAILEY.

INJUNCTION.—*Equitable Jurisdiction.*—*Taxes.*—A court of equity will not·
enjoin the collection of taxes, claimed to be illegal, until the plaintiff˚
has first paid or tendered the amount of taxes assessed against him, the
legality and validity of which he does not call in question in his com-
plaint.

SAME.—*Free Gravel Road Tax.*—*Notice.*—*Pleading.*—*Complaint.*—In an ac-
tion to enjoin the collection of a special free gravel road tax, an averment
in the complaint that such tax was attempted to be levied on the plain-
tiff "without notice to him," is not equivalent to an averment that the·
same was attempted to be levied "without any notice whatever," and
is insufficient to charge want of notice.

From the Wells Circuit Court.

*J. S. Dailey, L. Mock, A. Simmons, E. R. Wilson* and *J.
J. Todd,* for appellant.

HOWK, J.—The first error of which complaint is here
made by appellant, defendant below, is the overruling of its
demurrer to the second paragraph of plaintiff Dailey's com-
plaint herein.

In the second paragraph of his complaint, plaintiff, Dailey,
alleged that he was the owner of certain real estate, partic-
ularly described, in Wells county, Indiana; that, on June·
9th, 1885, defendant, without notice to plaintiff, and without
any authority of law, attempted to levy a special tax of $8.20·
on plaintiff's said real estate for the purpose, as was claimed
by the order of said board of commissioners, defendant, of˚
paying interest on bonds issued by said Wells county to aid
in the construction of the Bluffton and Salamonia Free Gravel.
Road, and for the purpose of paying expenses of collecting.
said tax, and this long after the original assessment for mak-
ing said gravel road had been placed on the tax duplicate, and
long after the completion of said gravel road, and it had been;

received from the contractor; that the tax duplicate for said gravel road tax, and for said additional special tax of $8.20, was then in the hands of defendant Deam, as treasurer of Wells county, who threatened to levy the same, by distress and sale, unless paid; that said tax, being assessed without authority of law, was illegal and void, but it made a cloud on plaintiff's title to said real estate which he claimed should be lifted. Wherefore, etc.

We are of opinion that the court below clearly erred in overruling defendant's demurrer to the complaint herein, the substance of which we have given almost in the language of the pleader.

Two taxes are described in the complaint, namely: 1. The original gravel road tax; and, 2. The additional special tax, levied long after such original tax, on the 9th day of June, 1885. The original gravel road tax is not shown by any averment in the complaint to have been illegally assessed for any cause or reason. In considering the question of the sufficiency of the complaint herein, it must be assumed as against the plaintiff, therefore, that such original gravel road tax is a tax lawfully assessed by competent authority, upon proper notice and in conformity with law. There is no averment in the complaint that such original gravel road tax has ever been paid, in whole or in part; nor is there any averment therein from which such payment may be fairly inferred. On the contrary, we think it is fairly shown by the averments of the second paragraph of complaint that, at the time of the filing of such paragraph, the original gravel road tax was on the tax duplicate, then in the hands of the treasurer of Wells county, who threatened to collect such tax by distress and sale unless the same were paid. Upon this showing it must be held, in accordance with repeated decisions of this court, that the second paragraph of complaint did not state facts sufficient to entitle plaintiff to an injunction against any of the gravel road taxes described therein, even though it appeared that some part or portion of such taxes was clearly

illegal. The doctrine of these cases is, that a court of equity will not enjoin the collection of taxes, claimed to be illegal, until the plaintiff has first paid or tendered the amount of taxes assessed against him, the legality and validity of which he does not call in question in his complaint. *City of South Bend* v. *University, etc.*, 69 Ind. 344, and cases cited; *Mullikin* v. *Reeves*, 71 Ind. 281; *Mesker* v. *Koch*, 76 Ind. 68; *Stilz* v. *City of Indianapolis*, 81 Ind. 582; *Read* v. *Yeager*, 104 Ind. 195.

With respect to the additional special tax mentioned in the second paragraph of complaint, the only fact averred by plaintiff therein, assailing the legality and validity of such tax, is, that such special tax was attempted to be levied by defendant on plaintiff's land " without notice to him." We say this is the only fact averred, because the remainder of the allegation, "and without any authority of law," is not the averment of a fact, but of the pleader's opinion or conclusion. If it had been averred that such additional special tax was attempted to be levied " without any notice whatever," the averment of the fact would have been the same as that in the complaint in *Board, etc.*, v. *Gruver, ante*, p. 224, which was there held to be sufficient. In the case in hand, the averment of plaintiff is that such special tax was attempted to be levied " without notice to him." Our statute in relation to the levy of taxes or assessments for the construction of free gravel roads (section 5092, R. S. 1881), does not provide for or contemplate personal notice to the owner of the land, but only a " notice by publication," to be given by the proper county auditor. It may well be doubted, therefore, if the second paragraph of complaint sufficiently shows that the statutory notice of the levy of the special tax was not given by the auditor of Wells county. We do not decide this point, as it has not been discussed by counsel ; but, as having some bearing on the question, we cite the case of *Baltimore, etc., R. R. Co.* v. *North*, 103 Ind. 486.

The demurrer to the second paragraph of complaint ought to have been sustained.

This conclusion renders it unnecessary for us now to consider or decide any question presented by the other errors assigned here by the defendant. Plaintiff's counsel has not favored this court with any brief or argument in support of the rulings of the court below.

The judgment is reversed, with costs, and the cause is remanded, with instructions to sustain the demurrer to the complaint, and for further proceedings.

Filed June 28, 1888.