Smith, Treasurer, v. Rude Bros. Manufacturing Company.

Filed April 8, 1892.

## No. 15,771.

## SMITH, TREASURER, v. RUDE BROS. MANUFACTURING COMPANY.

TAXES.—*Injunction.*—A tax-payer who asks that the collection of a tax assessment be enjoined must pay or tender the sum rightfully assessed.

SAME.—*Notice.*—*Pleading.*—In an action by a corporation to enjoin the collection of a tax assessment, if the complaint contains no allegation that notice of the meeting of the board of equalization was not given, it will be presumed that notice was given according to law, and where it appears that the board was in session it will be presumed that it was organized and convened according to law.

SAME.—*Valuation of Corporate Stock.*—*Notice.*—Sections 6357, 6358, R. S. 1881, provide that "the auditor shall annually, on the meeting of the county board of equalization, lay before said board the schedule and statement" required to . be made and delivered to the assessor by corporations, and that the "board shall value and assess the capital stock."

*Held*, that this is sufficient notice to the corporation that its capital stock will be valued. The act of March 9th, 1889, does not apply to such a case.

From the Union Circuit Court.

Smith, Treasurer, v. Rude Bros. Manufacturing Company.

*T. D. Evans*, for appellant.

*L. H. Stanford*, for appellee.

ELLIOTT, C. J.—The appellee alleges in its complaint that it is a manufacturing company incorporated under the laws of this State; that, on the 1st day of April, 1889, its capital stock was $80,000, divided into sixteen hundred shares of $50 each; that it was located and did business in Union county; that as part of its capital stock it owns a tract of land valued and assessed at $19,000; that, on the 25th day of April, 1889, one of its officers made out and delivered to the assessor of the proper township a true and correct verified statement, as required by law, showing specifically the amount of its capital stock, its name and location, the amount of capital stock authorized, the number of shares into which it was divided, and its actual value on the 1st day of April, 1889; that the statement showed the amount of paid-up capital stock; that the assessor made out a schedule showing therein the capital stock of the corporation; that its actual value was $44,000; that the assessor returned the statement and schedule to the county auditor; that, on the 17th day of August, 1889, the auditor laid the statement and schedule before the county board of equalization, then in session; that the board of equalization entered an order increasing the valuation of the appellee's capital stock from $44,000 to $80,000; that the auditor, pursuant to that order, increased the valuation of the capital stock to $80,000, and so entered it on the tax duplicate; that taxes were assessed thereon at the rate of $1.84 on the $100, making, in the aggregate, an assessment of $662.40; that a copy of the duplicate was delivered to the appellant, the county treasurer, who threatens to collect the assessment; that neither the appellee nor any of its stockholders was given notice of an intention to change the valuation of appellee's capital stock.

The complaint is bad, for the reason that it does not offer to pay the taxes on the amount of capital stock it admits to

be subject to taxation. It has often been decided that a tax-payer who asks that the collection of a tax assessment be enjoined must pay, or tender, the sum rightfully assessed. *Morrison* v. *Jacoby,* 114 Ind. 84, and authorities cited; *City of Logansport* v. *Case,* 124 Ind. 254; *Hewett* v. *Fenstamaker,* 128 Ind. 315; *Board, etc.,* v. *Dailey,* 115 Ind. 360; *City of South Bend* v. *University, etc.,* 69 Ind. 344.

The decision in *Hyland* v. *Brazil, etc., Co.,* 128 Ind. 335, does not oppose the doctrine stated. In that case it was held that no tender was necessary, because, upon the admitted facts, the property against which the assessment was sought to be enforced was not subject to taxation. In the case referred to the earlier cases were fully and strongly approved, and we can not, and shall not, depart from the rule those cases declare. In the case before us the capital stock was returned for taxation, and was subject to assessment, so that even if it be true that there was illegal action in increasing the valuation, an injunction will not lie unless the amount assessed upon property conceded to be subject to taxation is paid or tendered. The rule is a just and salutary one, and is not to be restricted or limited; but, on the contrary, is to be extended so as to coerce the taxpayer who asks equity to do equity, by compelling him to pay or tender all taxes due upon property owned by him that is subject to taxation. *Hyland* v. *Central, etc., Co.,* 129 Ind. 68.

Public officers are presumed to do their duty, and as there is in the complaint before us no allegation that notice of the meeting of the board of equalization was not given, we must assume that it was given according to law. And so, too, we must assume that as the board was in session, it was organized and convened as the law requires. There was, therefore, a legal tribunal in lawful session.

The statute provides that corporations shall make out and deliver to the assessor a sworn statement, and that the assessor shall schedule the property described in the statement. Sections 6357, 6358, R. S. 1881. It also provides that the

statement and schedule shall be delivered to the county auditor, and that " the auditor shall, annually, on the meeting of the county board of equalization, lay before said board the schedule and statement." This provision of a public law conveys notice to the corporation making the statement that its statement will be laid before the board, thus informing it that action will be taken by the board. Nor does the statute stop at this point, for it further provides that " Said board shall value and assess the capital stock of such companies or associations in the manner provided in this act." Section 5358, R. S. 1881. There is, therefore, notice to the corporation that its capital stock is to be valued by the board, and that its valuation—the valuation of the corporate officers—is not final or controlling. The statute fixes the time of the meeting of the board, and hence the corporation has notice when and by whom the valuation upon its capital stock will be made. The doctrine of *Kuntz* v. *Sumption,* 117 Ind. 1, is, we are satisfied, the true one, but it has no application to such a case as this, as was shown in *Hyland* v. *Central, etc., Co., supra.*

The act of March 9th, 1889, does not apply to assessments against corporations as fully, at least, as it does to assessments against natural persons. Elliott's Supp., section 2127. That act requires notice to taxpayers in cases where assessments made by assessors are to be revised, or, possibly, where distinct articles of property are added to a list returned by a corporation. It does not, at all events, fully apply to such a case as the one before us. That statute provides that the board " shall also have power to equalize the valuation made by assessors, either by adding to or deducting from their valuations," and it is but just to require notice where a valuation once effectively made is to be changed. In the case of the valuation of the capital stock of a corporation of the class to which the appellee belongs, the board makes no change or revision. It makes, in fact, the original and effective valuation. Until it acts there is no final original val-

uation of corporate capital stock. The list of the corporation and the schedule of the assessor make no effective valuation; they simply convey information to the board, and that tribunal makes, as the corporation must know, valuation of the corporate property original and effective. It is possibly true that inaction by the board is to be regarded as an approval of the valuation made by the corporation and the assessor, but if the board does take action on the statement and schedule, its action fixes the assessment. The board in such a case does not act as an appellate or revisory body.; but, on the contrary, its action is purely original. The corporation must know, as matter of law, that until the board does act there is no effective valuation of its corporate stock, and, consequently, must know that there can be neither change nor revision, for until the board makes a valuation, there is nothing to change or revise. It is far otherwise with a natural person. In the case of a natural person the board makes no original valuation; its duty is to revise and review. A natural person can not be held to take notice without lawful information that the board will change the valuation made by him, whereas a corporation knows that there is, and can be, no final original valuation of its capital stock until the board of equalization makes it as the law directs; it knows, indeed, that its statement must go before the board of equalization, must be acted upon by that body, and that until that body does act, or approves by inaction, there is neither an effective original assessment, nor a complete valuation of its capital stock.

It is quite clear that the complaint does not state a cause of action.

Judgment reversed.

Filed April 8, 1892.